Billy James **CRUTCHFIELD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 56327.

Court of Criminal Appeals of Texas.

Panel No. 1.

Jan. 25, 1978.

Jimmy Phillips, Jr., Angleton, for appellant.

Ogden Bass, Dist. Atty. and A. B. Crowther, Jr., Asst. Dist. Atty., Angleton, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for driving while intoxicated, a felony offense since appellant had a previous misdemeanor conviction for the same offense. The punishment was assessed at five years confinement in the Texas Department of Corrections.

On October 17, 1975, appellant apparently entered a plea of guilty to the trial court.[1] The court heard evidence against appellant and then entered an order deferring further proceedings and placing appellant on probation for a period of five years under certain terms and conditions. This order was entered pursuant to the authority of Art. 42.-12, Sec. 3d(a), Vernon's Ann.C.C.P.

On March 9, 1977, the State filed its amended petition for "the revocation of a probated sentence and adjudication of guilt," alleging that appellant had violated his probationary conditions. On March 28, 1977, a hearing was held, after which the trial court set aside its prior order deferring an adjudication of guilt and placing appellant on probation. The trial court then

---

1. Appellant's plea to the charge is not in the appellate record. However, other orders in the record indicate that such plea was taken.

orally found appellant guilty of the offense of driving while intoxicated. This appeal followed, but we have concluded that it must be dismissed.

The language of Art. 42.12, Sec. 3d(a) and (b), supra, is very similar to Sec. 4.12(a) and (b), Article 4476–15, Vernon's Ann.Civ.St., Controlled Substances Act, which likewise provides for deferred adjudication of guilt and the procedure to be followed upon a violation of the conditions of probation. In *Richie v. State*, 542 S.W.2d 422 (Tex.Cr. App.1976), this Court held in construing Sec. 4.12(a) and (b), supra:

> "Reading Subsections (a) and (b) together, it is apparent that no judgment is to be entered at the time a conditional discharge is granted but one must be entered at the time the conditional discharge is revoked. In this regard the conditional discharge procedures under Sec. 4.12, supra, are no different than the misdemeanor probation procedures under Art. 42.13, Vernon's Ann.C.C.P."

Upon our review of the record, we have found no judgment of conviction for the felony offense as required by Art. 40.09, Sec. 1, Vernon's Ann.C.C.P. The order entered by the court entitled "Revocation of Conditional Discharge and Imposition of Sentence" is not sufficient to constitute a judgment; nowhere in this order does there appear a finding of guilt as required by Art. 42.01, Vernon's Ann.C.C.P. The order merely recites that appellant *had* been found guilty. Neither does the record show the taking of appellant's plea, as required by Art. 42.01, supra.[2] This is not the case as *Ledesman v. State*, 557 S.W.2d 788 (Tex. Cr.App.1977) where the requisites of a valid judgment are contained in separate instruments in the record.

**2.** See *Richie v. State*, supra, also for the procedures to be followed for the entering of judgment, pronouncement of sentence, etc.

**3.** We direct the trial court's attention to the fact that before the submission of this case to the Court of Criminal Appeals appellant timely filed objections to the record. Appellant had previously requested that the transcript and statement of facts from the original proceedings in the trial court be included in this appellate record. The trial court entered an order

Accordingly, this appeal must be dismissed. *Savant v. State*, 535 S.W.2d 190 (Tex.Cr.App.1976); *Scott v. State*, 461 S.W.2d 619 (Tex.Cr.App.1971).[3]

directing the court reporter to prepare the same. However, this transcript and statement of facts were not included in this appellate record. Neither did the trial court hold a hearing on appellant's objections to the record, as mandated by Art. 40.09, Sec. 7, Vernon's Ann. C.C.P. Since appellant's first ground of error on appeal complains of the absence of this part of the record, the trial court may, in a subsequent proceeding, remedy this situation.