**Robert CABEZAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00109–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 26, 1992.

Rehearing Denied April 23, 1992.

**588**

Mike Degeurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila, Donna Goode, Ruben Perez, Asst. Dist. Attys., for appellee.

Before SAM BASS, COHEN and WILSON, JJ.

## OPINION

COHEN, Justice.

Appellant pled no contest, without an agreed punishment recommendation, to delivering at least 400 grams of cocaine. The trial court assessed punishment at 15-years imprisonment and a $1,500 fine. We affirm.

■ In his first point of error, appellant asserts the trial court erred in denying his motion to dismiss due to entrapment. TEX.PENAL CODE ANN. § 8.06 (Vernon 1974). Appellant claims he established inducement by law enforcement agents, as a matter of law.

The evidence does not show, as a matter of law, that appellant was entrapped. Appellant put the agent in touch with a dealer, allowed his premises to be used as a site for the delivery of a kilogram of cocaine, and was to receive $2000 from the sale proceeds. The trial court's findings of fact state that appellant knew or should have known that, by putting the informant together with the seller, he was committing a crime. The trial judge further found that appellant knew there was cocaine in the package that he allowed to be sold at his store, and that this fact "makes this court believe that the defendant knew that he was committing a crime." The evidence supports these findings.

Appellant relies on *Gifford v. State,* 740 S.W.2d 76 (Tex.App.—Fort Worth 1987, pet. ref'd). In *Gifford,* the court held the defendant established entrapment as a matter of law because law enforcement agents told him it was legal to receive money in exchange for giving up a child for adoption. The court wrote:

> We find that such representation by a law enforcement agent that a criminal act is a legal act is, as a matter of law, an inducement or persuasion likely to cause other persons to commit the act, *unless the act is so inherently criminal in nature that no reasonable person would believe such a representation.* Inasmuch as it is not illegal to exchange large amounts of money for a child, if the money is to be used for the enumerated purposes set forth in the penal code, *the act here would not be so inherently criminal in nature as to preclude a reasonable person from relying on the representation by a law enforcement agent.*

*Id.* at 80 (emphasis added).

Appellant contends that *Gifford* requires reversal because the undercover informant here told him that if he did not buy or sell the cocaine, he would not be committing a crime. This case is not like the *Gifford* case. The trial judge was entitled to conclude that, as a matter of law, a delivery of more than 400 grams of cocaine under these circumstances was an act inherently criminal in nature, or that, as a matter of fact, appellant knew he was breaking the law.

The first point of error is overruled.

■ In his second point of error, appellant asserts the trial court erred by concluding that appellant was not eligible for deferred adjudication. The deferred adjudication statute, TEX.CODE CRIM.P.ANN. art. 42.12, sec. 5(a), provides, in pertinent part:

> Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding

that it substantiates the defendant's guilt, defer further proceedings without entering adjudication of guilt, and place the defendant on probation ... *In a felony case, the period of probation may not exceed 10 years....*[1]

(Emphasis added.)

Appellant requested deferred adjudication. The range of punishment for delivery of more than 400 grams of cocaine is imprisonment for 15 to 99 years or life and a fine of up to $250,000. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d)(3) (Vernon Pamph.1992). Based on this range of punishment, the trial court concluded it did not have authority to grant deferred adjudication. We agree.

Appellant claims that the minimum penalty of 15 years does not make him ineligible for deferred adjudication. Appellant relies on *West v. State*, 702 S.W.2d 629, 634 (Tex.Crim.App.1986) (defendant convicted of aggravated rape was not eligible for regular probation from trial judge but was eligible for deferred adjudication because range of punishment was 5 to 99 years or life), and *Richard v. State*, 788 S.W.2d 917, 919 (Tex.App.—Houston [1st Dist.] 1990, no pet.) (convicted of aggravated robbery, defendant not entitled to probation from trial judge, but was eligible for deferred adjudication because punishment range was 5 to 99 years or life). These cases are distinguishable because the minimum punishment in each was five years. Thus, the trial judge could have granted a deferred adjudication probation for 10 years or less. The minimum here was 15 years. Thus, the trial judge could not have granted a deferred adjudication probation for 10 years or less. The emphasized portion of article 42.12, section 5(a), quoted above, excludes appellant from consideration for deferred adjudication.

The second point of error is overruled.

---

1. This language differs from that in the "regular" probation statute, article 42.12, section 3, which gives trial judges power to grant probation "where the maximum punishment assessed against the defendant does not exceed ten years imprisonment...." In our opinion, this difference in language does not call for a different result.