Robert CABEZAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 906–92.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 24, 1993.

Mike DeGeurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Ernest Davila and Donna Goode, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellant plead nolo contendere to the offense of Delivery of Cocaine weighing at least 400 grams. Tex. Health & Safety Code Ann. § 481.112(d)(3). The trial court found that in its opinion the best interest of society and the appellant would be served by deferring appellant's adjudication of guilt. Tex.Code Crim.Proc.Ann. art. 42.12 § 5. However, the court was persuaded by the State that deferred adjudication probation was not an available alternative disposition, and therefore, found appellant guilty as charged and assessed punishment at the statutory minimum term of fifteen years confinement, and a fine of $1,500.00. The court of appeals affirmed the conviction, *Cabezas v. State*, 827 S.W.2d 587 (Tex.App. 1992), holding that, where the minimum punishment of a crime exceeds 10 years, deferred adjudication is not available. We granted appellant's petition for discretionary review to determine whether a defendant may receive deferred adjudication when the minimum term for the punishment of the crime is greater than 10 years.

Deferred adjudication probation is codified in Tex.Code Crim.Proc.Ann. art. 42.12 § 5. The statute provides:

(a) *Except as provided by Subsection (d) of this section,* when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation.... *In a felony case, the period of probation may not exceed 10 years.*

(Emphasis added.) In considering the limits on deferred adjudication, the court of

appeals noted the dissimilar language contained in the court ordered probation statute, Tex.Code Crim.Proc.Ann. art. 42.12 § 3, but believed this did not call for a different result.[1]

The three types of criminal probation—court ordered, jury, and deferred adjudication—can best be understood when contrasted with each other, because each probation contains different eligibility requirements, exclusions for defendants convicted of certain crimes, and limits on the term lengths available.

■ A defendant is eligible for court ordered probation, "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved," and "where the maximum punishment assessed against the defendant does not exceed ten years imprisonment." Art. 42.12 § 3. A defendant is also eligible for probation from a jury upon its recommendation where the "defendant has never before been convicted of a felony in this or any other State[,]" and where the punishment assessed by the jury does not exceed ten years. Art. 42.12 § 4(a). Deferred adjudication is available when a court determines "in its opinion the best interest of society and the defendant will be served ..." Art. 42.12 § 5(a). *Unlike court ordered and jury probation, because there is no adjudication of guilt and no assessment of punishment, the minimum and maximum sentence length is in no way controlling of the issue of whether a defendant is eligible for deferred adjudication probation.*

Additionally, court ordered probation, jury probation, and deferred adjudication probation are not available for specific enumerated crimes. Art. 42.12 §§ 3g, 4(a), and 5(d), respectively. The term limits of jury

probation and deferred adjudication probation are ten years for a felony. Art. 42.12 §§ 4(a) & 5(a). The term limits for court ordered probation are no greater than ten years nor less than the minimum punishment available for the crime. Art. 42.12 § 3. Where the legislature used different language in each section of the code, we do not perceive they intended identical results.

This Court has previously held that where a defendant is not eligible for one form of probation, that does not preclude him from another form of probation available under the statute. *West v. State*, 702 S.W.2d 629 (Tex.Crim.App.1986). In *West* we held that even though a defendant who plead guilty to aggravated sexual assault was foreclosed of the option of "regular" or court ordered probation under article 42.12 § 3g(a)(1)(C), that did not necessarily foreclose the defendant of the option of deferred adjudication under article 42.12 § 5.[2] The court of appeals has distinguished this case on the basis that the punishment range for aggravated sexual assault was from 5 to 99 years or life, the 5 years being within the 10 year minimum. 827 S.W.2d at 589. However, we believe the court of appeals failed to grasp our holding in *West*. In *West* we held that a defendant, who is charged with aggravated sexual assault, can receive deferred adjudication probation because it is not precluded under the terms of the statute. *West* 702 S.W.2d at 634 (Art. 42.12 § 5(d), formerly art. 42.12 § 3d (West 1988)). The five year minimum sentence available is irrelevant to deferred adjudication probation. An individual who plead guilty to aggravated sexual assault could be placed on deferred adjudication probation for ten years, and if he violated the probation, he could receive a sentence of 99 years imprisonment.

---

**1.** The Court ordered probation statute provides that:

Except where the punishment is assessed by the Court it may fix the period of probation without regard to the term of punishment assessed, *but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted.*

Tex.Code Crim.Proc.Ann. art. 42.12 § 3 (emphasis added).

**2.** Art. 42.12 § 3g(a)(1)(C) specifically provides that § 3 does not apply to a defendant adjudged guilty of Tex.Penal Code Ann. § 22.021 (aggravated sexual assault).

Both the court of appeals and the State have placed undue importance on the fact that the minimum punishment available to appellant is 15 years imprisonment. Unlike art. 42.12 § 3, court ordered probation, there is nothing in § 5 that limits the eligibility of deferred adjudication where the minimum sentence is greater than ten years. Additionally, the legislature in its discretion has specifically excluded certain crimes which also contain minimum punishments of 15 or 20 years. Article 42.12 § 5(d) specifically excludes the option of deferred adjudication probation for defendants charged with Tex. Health & Safety Code Ann. art. § 481.107(c) and (d)—offenses which carry minimum punishments of 15 and 20 years, respectively. There would be no purpose for the exclusion of these two offenses if a minimum punishment of over ten years was itself sufficient to preclude deferred adjudication.

From a policy perspective, the State further argues that by allowing deferred adjudication probation to be granted where court ordered probation is unavailable a trial judge would be able to circumvent minimum sentences, thus allowing habitual offenders to receive probation rather than minimum time. However, we note, the statute provides the proscribed punishment is available only where "the best interest of society and the defendant will be served." Art. 42.12 § 5. Though technically possible, we do not perceive of a scenario where the interests of society will be best served by granting deferred adjudication probation to habitual offenders. Additionally, if the defendant violates the conditions of his deferred adjudication probation, the trial court is still empowered to assess the full range of punishment upon an adjudication of guilt. This is the true risk of deferred adjudication for a defendant.

The only provisions limiting the terms of deferred adjudication probation are contained within subsections (a) and (d). Subsection (a) limits the term of probation to a maximum term of ten years. The *only* offenses which a defendant may not receive deferred adjudication are provided for in subsection (d). *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991).[3] Because Tex. Health & Safety Code Ann. § 481.112(d)(3) is not listed within subsection (d), deferred adjudication was an available option for appellant. Accordingly, the judgment of the court of appeals is reversed, the judgment of conviction is set aside and the cause is remanded to the trial court for further consideration not inconsistent with this opinion.

## CONCURRING OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge, concurring:

While agreeing that pursuant to the authority granted by Article 42.12, § 5(a), V.A.C.C.P., a trial court may defer further proceedings without entering an adjudication of guilt, and place the defendant on probation for a term not exceeding ten years, regardless of the range of punishment for the alleged offense, I write to suggest that an understanding of the legislative objective might well illuminate the concept underlying the procedure.

Early on the Court observed that "§ 4.12 of the Controlled Substances Act, Article 4476–15, V.A.C.S. [since repealed] is conceptually similar to § 3d [now § 5] of the Adult Probation, Parole and Mandatory Supervision Law, Art. 42.12, V.A.C.C.P." *McIntyre v. State*, 587 S.W.2d 413, at 414 (Tex.Cr.App.1979); see *Crutchfield v. State*, 560 S.W.2d 685, at 686 (Tex.Cr.App. 1978) (language of two provisions "very similar"); *McDougal v. State*, 610 S.W.2d 509, at 510 (Tex.Cr.App.1981) (Clinton, J., concurring) (Conceptually "probation" during deferred adjudication similar to "probation" following conditional discharge); see generally *McNew v. State*, 608 S.W.2d 166, at 170–172, 174–176 (Tex.Cr.App.1978–

---

**3.** As we stated in *Boykin:*

Thus, if the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning. [Cite omitted.] "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." [Cite omitted.]
818 S.W.2d at 785.

1980) (deferred adjudication constitutional form of "probation").

Accordingly, the legislative objective in both deferred adjudication and conditional discharge is substantially the same, *viz:*

> "... [T]he true objective ... is to divert the accused from the rest of the gauntlet run of the criminal justice system and the function of the trial court is to enter into a clearly understood pact with the accused that will induce and persuade him to follow the diversionary road. That the Legislature authorized the trial court as an inducement and encouragement to utilize 'probation' does not necessarily mean that the Legislature had 'regular' probation in mind for it prescribed only 'such reasonable conditions' as the trial court 'may require' and for 'such period' as the court may prescribe [not to exceed two years for conditional discharge and ten years for deferred adjudication]. Meanwhile, a judgment of guilt is not entered, punishment, as such, is not assessed and, of course, sentence has neither been imposed nor suspended. In essence, what has happened is that the movement of the course of developments in the criminal action has been temporarily stilled and the accused has been permitted to demonstrate his capacity for prescribed good behavior during a specified period. If he succeeds, the movement is reversed and disappears; however, should he fail, the movement in the criminal action continues with the normal incidents of trial."

*McIntyre,* supra, at 417.

Obviously the Legislature was of the opinion that "the best interest of society and the defendant will be served" when a promising offender concedes guilt and proceeds successfully to demonstrate an ability to conform to societal notions of acceptable behavior for the period prescribed—notwithstanding the seriousness of the offense and related potential punishment for those offenders who are otherwise situated.