NUMBERS 13-99-668-CR
& 13-99-677-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

JUAN FRANCISCO LOPEZ,                                                    Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 179th District Court

                                   of Harris County, Texas.

 

 



 

                                   O P I N I O N

 

                  Before Justices Yañez,
Castillo, and McCormick[1]

                                  Opinion by Justice Castillo

 








Appellant Juan
Francisco Lopez pled no contest to two indictments alleging aggravated sexual
assault of a child, without a plea bargain.  
The trial court found him guilty and assessed sentences of sixteen years
imprisonment in each case, with the sentences running concurrently.  From these convictions and sentences, Lopez
appeals, raising five issues for our review involving  jurisdictional, abuse of discretion,
ineffective assistance of counsel, and constitutional claims.  We affirm.

Procedural History

Appellant was indicted
in cause number 796836 for aggravated sexual assault of a child, under penal
code section 22.021(a)(1)(B)(ii).[2]  In a separate indictment, cause number
796837, appellant was likewise charged with aggravated sexual assault of a
child, but under penal code section 22.021(a)(1)(B)(i).[3]  Both cases involved the same child.













On April 23, 1999,
appellant pled no contest to both indictments without an agreed recommendation
as to punishment.  Among the papers
signed by appellant and his counsel that day, in each case, was a document
entitled AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession,@ wherein he: 1) waived
his rights to trial by jury and confrontation of the witnesses, and
self-incrimination; 2) confessed that the State=s witnesses would testify that the allegations
were true and occurred on the listed dates; 3) consented to the oral and
written stipulation of evidence and the use of documentary evidence; 4)
affirmed that he was satisfied with the representation provided by his attorney
and had fully discussed the case with him;[4]
5) pled no contest and affirmed there was no agreed recommendation; 6) waived
any further time to prepare for trial; and 7) waived any right to appeal he
should have, if the court accepted Athe foregoing plea
bargain between myself and the prosecutor.@ Appellant also signed
a document in each case entitled AStatement and waivers
of defendant,@ in which appellant,
among other things, stated that: 1) he fully understood the consequences of his
plea, and after fully consulting with his attorney, requested the trial court
to accept the plea; 2) he had freely, knowingly, and voluntarily executed that
statement in open court with the consent and approval of his attorney; 3) he
read and wrote English and had read the Aforegoing
admonishments, statements and waivers@ as well as the
written waiver of constitutional rights, agreement to stipulate and judicial
confession before he signed them, and had consulted fully with his attorney
before entering his plea; and 4) that he understood Athe foregoing
admonishments,@ was aware of the
consequences of his plea, was mentally competent and his plea freely and
voluntarily made, was Atotally satisfied@ with the
representation provided by his counsel,[5]
gave up all rights given to him by form, substance or procedure, had read the
indictment and had committed each and every element alleged.  Appellant also filed a Amotion for probation@ in both cases.[6]

The trial court
accepted the plea, found the evidence substantiated appellant=s guilt and then,
without entering a formal finding as to guilt, the case was reset to July 27,
1999, for a presentence investigation report to be
compiled and to allow appellant to see an Aoutside@ doctor.  The case was not recalled until August 4,
1999. 

At the August 4, 1999
hearing, the court considered a presentence
investigation report, which included a psychological examination which had been
requested, and paid for, by the defense, along with a June 18, 1999 statement
by appellant.  The State called the
investigating officer and the mother of the child complainant to the
stand.  Appellant called no witnesses and
did not testify.  The evidence and
argument focused on the suitability of appellant for deferred adjudication
community supervision.  The trial court
ordered sentences of sixteen years confinement in each case, to run
concurrently.  Appellant filed a pro
se notice of appeal on August 23, 1999. 
No motion for new trial was filed.

Jurisdiction








Appellant first argues
that, despite his written waiver of appeal, this court has jurisdiction to hear
his claims, arguing that a waiver executed prior to trial and sentencing, as a
matter of law, is not binding, citing Ex Parte
Townsend, 538 S.W.2d 419, 420 (Tex. Crim. App.
1976).[7]  The State agrees that the waiver does not
bind appellant, but argues that the holding of Townsend has been
modified by Blanco v. State so that the determinative question as to the
validity of the waiver is not simply the timing of the waiver but whether a
defendant is fairly certain of the punishment to be assessed at the time that
the waiver is signed, such as when there is a plea bargain which is
followed.  Blanco v.
State, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000).  We agree with the State that Blanco
permits a pretrial waiver of appeal in the case of a plea bargain.  Id.  
However, as there was no plea bargain in the present case, Blanco
does not apply, as the State notes. 
Moreover, the waiver itself was explicitly predicated on the trial court
accepting a previously delineated plea bargain. 
As no plea bargain existed, the waiver was of no effect.  We agree with appellant, and the State, that
we have jurisdiction to consider appellant=s substantive claims. 

Plea of No Contest








Appellant raises two
issues as to his plea of no contest to both indictments.  In the first, denoted as his second issue on
appeal, appellant asserts that the trial court abused its discretion by not sua sponte
withdrawing appellant=s plea of no contest
and entering a plea of Anot guilty@ on his behalf.  The second, listed as his third issue on
appeal, complains that his trial counsel was ineffective for allowing him to
enter a plea of no contest Ato two offenses he was
not guilty of [sic].@

Both of these
complaints arise out of statements made by appellant which appeared in the
pre-sentence investigation report (APSI@), tendered to the
trial court on August 4, 1999.  The PSI
contained a statement by appellant to the investigating officer and a report
from a psychologist, which contained denials by appellant that any intercourse
had taken place and admissions only to fondling the child complainant.[8]  His failure to admit to penetration, and
admission only to touching the complainant, was also alluded to by the
investigating officer who testified for the State at the August 4, 1999
hearing.[9]








Appellant argues that,
in light of his statements denying penetration,[10]  the trial court should have  sua
sponte withdrawn appellant=s plea of no contest
and entered a plea of Anot guilty@ on his behalf.  He acknowledges that in the case of a plea of
guilty or no contest to the trial court, the trial court is not required to sua sponte withdraw
the plea, even if evidence is adduced that makes evident a defendant=s innocence or
reasonably and fairly raises an issue as to his guilt.  Appellant argues, however, that the trial
court abused its discretion in not sua sponte withdrawing the plea in the present case.  We disagree.








The cases cited by
appellant to this Court as similar to his own, and supporting his argument, are
all inapposite, as none involved the sua sponte withdrawal of the defendant=s plea to a trial
court.  The decision in Payne
pertained to a trial court=s refusal to grant the
defendant=s request to withdraw
his plea before the case was taken under advisement.  Payne v. State, 790 S.W.2d 649, 651-52
(Tex. Crim. App. 1990); see Jackson v. State,
590 S.W.2d 514, 515 (Tex. Crim. App. 1979) (defendant
has the right to withdraw a guilty plea before a trial court takes a case under
advisement).  There is no dispute in the
present case that appellant never requested to withdraw his plea.  Saenz and Odem are both cases in
which pleas of guilty were made before a jury B a situation in which
a trial court is required to withdraw a plea of guilty or no contest if
evidence reasonably and fairly raises a fact question as to innocence.  Odem v. State, 852 S.W.2d 685, 686
(Tex. App.BHouston [14th Dist.]
1993, pet. ref=d); Saenz v. State,
807 S.W.2d 10, 10-11  (Tex. App.BCorpus Christi 1991,
no pet.); see Griffin v. State, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986)(when a plea of guilty or no contest is
entered in a felony case tried before a jury, the plea must be sua sponte
withdrawn by the court if evidence is introduced which makes evident the
innocence of the defendant, or which reasonably and fairly raises an issue as
to that fact, unless such evidence is withdrawn). 








As admitted by
appellant, such standards do not apply to his case as his plea was to the
court, not a jury and, in such circumstances, the trial court has no
obligation to sua sponte
withdraw a plea of guilty or no contest, even if evidence is presented which
makes evident the innocence of the defendant or reasonably and fairly raises an
issue thereto.  Thomas v. State,
599 S.W.2d 823, 824 (Tex. Crim. App. 1980); Moon
v. State, 572 S.W.2d 681, 682 (Tex. Crim. App.
1978); Soliz v. State, 945 S.W.2d 300,
301-02 (Tex. App.BHouston [1st Dist.]
1997, pet. ref=d).  It is the trial court=s duty, as the trier of fact, to consider the evidence submitted and,
based on the same, find the defendant guilty, guilty of a lesser-included
offense, or not guilty.  Moon, 572 S.W.2d at 682.  If
the trial court was convinced by appellant=s denials to the
police and the psychologist, the court could have found him not guilty.  A plea of guilty or no contest alone is not
sufficient to support a conviction under  Texas law.  Johnson v. State,
722 S.W.2d 417, 422 (Tex. Crim. App. 1986).  The State still has the burden to prove the
case by introducing sufficient evidence to support the conviction.  Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon Supp. 2002).[11]  Since the trial court, as the trier of fact, was already under a duty to review and weigh
the evidence submitted, it would serve no valid purpose for the trial court to sua sponte withdraw
the plea of no contest.  Moon, 572 S.W.2d at 682. 
Moreover, in light of the evidence presented as to the child complainant=s statements, the
medical evidence of trauma to the complainant indicative of intercourse,
appellant=s plea of no contest,
and his admission in the plea papers to Acommitting each and
every element@ in the indictments,
we find that the trial court did not abuse its discretion in not sua sponte withdrawing
appellant=s plea of no
contest.  We overrule this issue.[12]








Appellant=s third, and related
issue, is a claim of ineffective assistance of counsel.  We review claims of ineffective assistance
of counsel under the standard enunciated in Strickland v. Washington,
466 U.S. 668, 687-96 (1984).  Thus,
appellant must show that: (1) his counsel=s performance
fell below an objective standard of reasonableness, based on prevailing
professional norms, and (2) there is a reasonable probability that, but for the
counsel=s
unprofessional errors, the result of the proceeding would have been different.  McFarland v. State,
845 S.W.2d 824, 842 (Tex. Crim. App. 1992).  Furthermore, he must overcome the strong
presumption that the challenged action might be considered sound trial
strategy.  Brown v. State, 881
S.W.2d 582, 589 (Tex. App.BCorpus Christi 1994,
no pet.)(citing Strickland, 466 U.S. at 689).

 Appellant complains that his trial counsel was
ineffective because he Aacquiesced in and
allowed the appellant to enter a no contest plea to two offenses that he was
not guilty of [sic].@  He does not complain that his trial counsel
should have asked that the pleas be withdrawn, but merely that his counsel
should not have allowed him to plead no contest.  He cites case law stating that a plea of
guilty based on significant misinformation is involuntary but does not identify
any misinformation conveyed to him by his attorney.  Rather, he simply urges that since he denied
any penetration, his trial counsel was inept for allowing him to plead no
contest to the charges.  Specifically, he
argues Ait is clear that
Appellant=s trial lawyer caused
the Appellant=s decision to enter a
no contest plea [b]ut Appellant should not be
required to bear the consequences of his attorney=s nonfeasance and/or misfeasance in essentially
advising Appellant to plead no contest to something that Appellant was not
guilty of [sic].@








While the legal effect
of a no contest plea is the same as a guilty plea, the defensive posture of the
defendant is different.  Brewster v.
State, 606 S.W.2d 325, 
329 (Tex. Crim. App. 1980).   While in a guilty plea, a defendant=s stance is AI admit the guilt of the
accusation,@ in a no contest plea,
the defendant=s posture is merely, AI will not contest the
accusation.@  Id. 
A plea of no contest provides a means by which a defendant who does not
wish to admit the truth of the prosecution=s evidence can still
waive a trial and be convicted by the court. 
Stone v. State, 919 S.W.2d 424, 426-47 (Tex. Crim. App. 1996). 
Thus, if appellant was not guilty but nevertheless wanted to waive his
right to a jury trial, and plead to and be convicted by the trial court, and if
his counsel advised appellant to enter a plea of Ano contest@ rather than a plea of
Aguilty,@ such would not be
incorrect advice and so could not support a claim of ineffective assistance of
counsel.








If appellant=s complaint  was meant to go instead to the decision to
plead before the court rather than go to trial, claiming that some allegedly
erroneous advice by his counsel caused him to enter a plea which was not made
knowingly and thus not voluntary, the Strickland elements as applied to
such a claim are more narrowly interpreted. 
Appellant must prove that: (1) the advice given by his attorney was not
within the range of competence demanded of attorneys in criminal cases and (2)
but for the attorney=s errors, appellant
would, with a reasonable probability, not have pled no contest, but would have
insisted on going to trial.  Ex Parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App.
1999).  Appellant must
overcome the strong presumption that counsel=s actions fell within Aa wide range of
reasonable representation,@ McFarland, 928
S.W.2d at 500 (Tex. Crim. App. 1996), and, if the
record shows that appellant asserted at the plea hearing that he understood the
consequences of his plea, a @heavy burden@ is placed on him at a
later hearing to show a lack of voluntariness.  Solomon v. State, 39 S.W.3d 704, 707
(Tex. App.BCorpus Christi 2001,
no pet.).  Furthermore, claims on appeal
of misinformation leading to an involuntary plea, without supporting
confirmation in the record, will not be sufficient for a reviewing court to
find a plea involuntary.  Franklin v.
State, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985)(mere assertions in a brief not supported by evidence in
the record insufficient); see also Fimberg v. State,
922 S.W.2d 205, 208 (Tex. App.BHouston [1st Dist.]
1996, pet. ref=d)(declining to find
ineffective assistance of counsel where defendant claimed his plea was
involuntary due to misinformation where there was no independent corroborating
evidence of his claims).  AAny allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  McFarland, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). 








Appellant has not met
his burden.  There was no motion for new trial raising such issue and hence no hearing on the
same.  There was no objection or protest
or raising of this issue until the appellate brief was
filed.  The limited record before us
indicates a voluntary plea.  Appellant=s representations in
his AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession@ and his AStatement and waivers
of defendant@ demonstrate that he
understood the charges against him, had consulted with his attorney, was fully
satisfied with his attorney, and was entering his plea freely.  There is nothing in the record to contradict
these statements.  Indeed, we have no
record in the present case as to what advice the attorney gave or how that
affected appellant=s decision and nothing
to suggest that the decision not to go to trial was the attorney=s rather than
appellant=s.  There is no evidence as to why appellant
pled, what he relied on, what role his attorney played in that determination,
and why his counsel took whatever actions he took.  There is certainly nothing in the record to
prove that appellant would have chosen to go to trial, except for his attorney=s actions.  The record before us is simply not
sufficient for this Court to find any ineffective assistance of counsel.[13]  We overrule this issue.

Punishment Process and
Sentence

Appellant=s final two issues
both raise complaints of violations of his constitutional rights related to his
sentence.  In his fourth issue, he
complains that his due process rights under Article I, Section 19 of the Texas
Constitution were violated because the trial court rejected his application for
deferred adjudication and sentenced him to sixteen years in prison.  In his fifth issue, he asserts that his right
under the Eighth and Fourteenth Amendments of the United States Constitution to
be free from cruel and unusual punishment was violated when he was sentenced to
sixteen years in prison. 








In his fourth issue,
appellant acknowledges that a trial court=s assessment of
sentence will not be disturbed on appeal if it falls within the statutory
limits, but argues that the appellate court may review the process by
which the particular punishment was determined, citing as an example a
punishment proceeding predicated on materially false information.  However, despite this assertion, appellant
made no complaint below about the sentencing process and, on appeal, makes no
complaint as to any aspect of the punishment process or of the Texas
punishment procedure in general. 
Appellant argues instead that, in other cases involving aggravated
sexual assault, other defendants have received lower sentences of imprisonment
than he, or even received community supervision.  He asserts that this Asentencing disparity@ violates his right to
due process and cites the federal court system of sentencing guidelines and the
practice of Adownward departures@ as a model for this
Court to consider, asserting that he was given a Avery severe prison sentence of a very harsh
sentence [sic] of 16 years in prison.@

Similarly, in his
fifth issue, appellant claims that the assessment of a sixteen- year prison
sentence violated his right to be free from cruel and unusual punishment under
the Eighth and Fourteenth Amendments of the United States Constitution[14]
because such sentence was grossly disproportionate to the seriousness of the
offense committed as judged by the Aevolving standards of
decency that mark the progress of a maturing society.@ 








We overrule both these
issues.  Appellant made no objection to
his sentence to the trial court, either at the time of sentencing or in any
post-trial motion, on any grounds, nor did he ever lodge an objection, under
constitutional or other grounds, to any part of the sentencing procedure or to
the alleged disparity, cruelty, unusualness or excessiveness of the sentences.  Even constitutional claims can be waived by
failure to object.  Smith
v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).  To preserve an error for appellate review, a
party must present a timely objection to the trial court, state the specific
grounds for the objection, and obtain a ruling.  Tex. R. App. P. 33.1.  Generally, an appellant may not
complain of an error pertaining to his sentence or punishment if he has failed
to object or otherwise raise error in the trial court.  Mercardo v.
State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986);
see also Rogers v. State, 640 S.W.2d 248, 264-65 (Tex. Crim. App. 1982)(op. on second reh=g)(when no objection
was made to the trial court procedure, claim on appeal that due process was
violated by court procedure was waived); Solis, 945 S.W.2d at 301(claim
of grossly disproportionate sentence violative of
Eighth Amendment waived by failure to object); Quintana v. State, 777
S.W.2d 474, 479 (Tex. App.BCorpus Christi 1989,
pet. ref=d)(failure to object
to sentence as cruel and unusual waives error). 
In the present case, by failing to object to the trial court=s procedures and
sentence on the grounds alleged on appeal, appellant has waived these issues.








We note also that
appellant premised his fourth issue as a challenge to procedural due process,
but on appeal makes no complaint of any part of the sentencing procedure, nor
does he cite any authority supporting his claim that
disparity among defendants within the applicable range of punishment for a
particular offense under state law is a due process violation.   Furthermore, even if the issue were
preserved, it is well settled in Texas that a trial judge has absolute and unreviewable discretion to refuse or grant community
supervision when the trial is before the court and a motion for community
supervision is filed.  Nelson v. State,
573 S.W.2d 9, 12 (Tex. Crim. App. 1978)(A. . . the law is
settled that the decision of whether or not to grant probation is absolutely
within the discretion of the trial judge and that the decision not to grant
probation is not appealable@); Lopez v. State,
556 S.W.2d 821, 823 (Tex. Crim. App. 1977)( A. . . when the trial
is before the court and a motion for probation is filed, the trial judge has
the absolute and unreviewable discretion either to
refuse or to grant probation@).  In the present case, as we previously noted,
appellant was not even eligible for court-ordered community supervision because
of the offense involved,[15]
although this would not have barred the court from granting deferred
adjudication, if it so chose. Cabezas v. State, 848 S.W.2d 693, 694 (Tex. Crim.
App. 1993).   However, like
court-ordered community supervision, the decision to grant or deny deferred adjudication
community supervision is wholly within the discretion of the trial court and so
would not be reviewable.  See Reed v. State, 644 S.W.2d
479, 484 (Tex. Crim. App. 1983)(A . . . deferred
adjudication is entirely within the trial court=s discretion . . . [n]o defendant, absent a plea
bargain, can be assured of receiving it@).








Likewise, in reference
to appellant=s final issue, it is
well-established that sentences that fall within the range of punishment are
not cruel and unusual.  Samuel v. State, 477 S.W.2d 611,
614 (Tex. Crim. App. 1972).  Appellant=s sentences fell in the lower range of punishment
for this offense.[16]  We recognize that it has been held that a
sentence within the range of punishment may still violate the Eighth Amendment
if it is grossly disproportionate to the offense committed.  Solem v. Helm, 463 U.S. 277, 289 (1983).  However, the viability and mode of
application of proportionate analysis in non-death penalty cases is currently
in question.  See McGruder v. Puckett, 954 F.2d 313, 315-16
(discussing the various opinions issued in Harmelin
v. Michigan, 501 U.S. 957 (1991) and their impact on the Solem decision).  In the present case, even if error had been
preserved as to this argument, and assuming arguendo
the viability of a proportionality review, sixteen years in prison was not a
grossly disproportionate sentence for each of the charges under the facts of
the offenses committed,[17]
and appellant=s prior history, and
so no constitutional violation occurred.[18]









Conclusion

Having overruled all
of appellant=s substantive issues,
we affirm the judgments of conviction and sentences of the trial court.                                                      

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R.
App. P. 47.3(b).

 

Opinion delivered and filed

this 6th day of June,
2002.

 











[1]Retired
Judge Michael J. McCormick assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code
Ann. ' 74.003 (Vernon 1998).





[2]
Tex. Pen. Code
Ann.'22.021(a)(1)(B)(ii)(Vernon
Supp. 2002).  The indictment alleged the
penetration of the mouth of the child with his sexual organ.





[3]
Tex. Pen. Code
Ann.'22.021(a)(1)(B)(i)(Vernon Supp. 2002). 
This indictment alleged that appellant placed his sexual organ in the
sexual organ of the child.





[4]
Although appellant was originally represented by a court appointed counsel, he
later retained counsel and it was his retained counsel who represented him at
the time of the plea.





[5]
Appellant also gave up the right to have the court reporter record his plea;
hence there is no reporter=s
record for the hearing on April 23, 1999.





[6]
Because of the nature of the offenses,
appellant was not eligible for court-ordered community supervision under the
provisions of code of criminal procedure article 42.12, '3g(a)(E).  Tex. Code Crim. Proc. Ann. art.
42.12, '3g(a)(E)(Vernon
Supp. 2002).  However, appellant did not
ask for court-ordered community supervision at the punishment hearing but for
deferred adjudication community supervision, which is not governed by that
provision.  See Cabezas
v. State, 848 S.W.2d 693, 694 (Tex. Crim. App.
1993)(noting that even where defendant not eligible for court ordered probation
because offense was one listed in article 42.12, '3g,
defendant was not foreclosed from requesting deferred adjudication community
supervision). 





[7]
Appellant lists this discussion as his first issue on appeal.  However, he makes no complaint of any error,
but instead makes a prophylactic argument against a claim of waiver which he
believes the State will raise.  Although
the State makes no such claim, and agrees with appellant that we have
jurisdiction, because of the disparity between the parties as to the basis for
our jurisdiction, we will address the Aissue.@





[8]
The probation officer=s pre-sentence
investigation report also contained a restatement of appellant=s
comments to police, and in the evaluation noted that appellant had admitted
touching the complainant but denied having intercourse with her.  In his statement to police, appellant
declared, AI understand
that I have been charged with the sexual molestation of [complainant], but it
is not true.  I have not had intercourse
with [complainant]. I have at time touched her breasts, her buttocks, her front
area and her legs. I did not do anything else to her because she did not like
it when I would touch her in these places.@  He then went on to describe various fondling
incidents and other circumstances surrounding the abuse.  The psychologist noted in his report that
appellant Areluctantly
acknowledged fondling [the complainant=s]
breasts two times while she was >asleep=
. . . .He denied her accusations that he sexually penetrated her . . . . Juan
denied that he penetrated [complainant] and would only admit fondling her two
times.@ 





[9]
The witness testified, A . . .
[appellant] was reluctant to admit when the evidence seemed to substantiate
this and that B and that he
molested [complainant] . . . It did not go into the detail that she described .
. . . She had described an act of penetration . . . . He said he was sorry for
touching her.@





[10]
Although appellant makes no specific argument on appeal, nor made any specific
denial below, related to the penetration of the mouth of the complainant by the
sexual organ of the defendant, as alleged in cause number 796836, we presume
his argument on appeal that there was no admission by appellant of the Apenetration@
of the complainant is aimed
at both forms of penetration alleged in the indictments.





[11]
The relevant portion of article 1.15 reads, A.
. . it shall be necessary for the state to introduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.@
 Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon Supp. 2002).





[12]
We note that even if appellant had
requested that he be allowed to withdraw his plea at the time the statements
were presented to the court, the trial court would not have been required to
allow him to do so as such request would have been untimely.  Stone v. State, 951 S.W.2d 205, 206-07
(Tex. App.BHouston
[14th Dist.] 1997, no pet.)(op. on remand).





[13]
As noted by the court of criminal appeals, in the majority of cases, the record
is not sufficiently developed to allow for a review of a complaint of
ineffective assistance of counsel on direct appeal.  Thompson v. State, 9
S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 





[14]
Appellant also states that he would follow
the Texas rule of briefing federal and state issues separately, however, he
cites to no section of the state constitution, cites no state cases on the
issue, and makes no arguments as to state constitutional rights.  If appellant was attempting to make a state
constitutional claim as to this issue, it has been waived.  Narvaiz v. State, 840 S.W.2d 415, 432
(Tex. Crim. App. 1992). In any
case, Texas courts make no distinction between Texas and federal constitutional
provisions relative to cruel and unusual punishment.  Cantu v. State, 939
S.W.2d 627, 639 (Tex. Crim. App. 1996).





[15]
See Tex. Code Crim. Proc. Ann., art.
42.12, '3g(a)(E)(Vernon
Supp. 2002).





[16]
See Tex. Pen. Code.
Ann. ''22.021(e) &
12.32(a)(Vernon 1994 & Supp. 2002)(aggravated
sexual assault of a child is a first degree felony and punishment for a first
degree is imprisonment in the institutional division for life or for any term
not more than 99 years or less than 5 years; in addition to imprisonment, a
fine not to $10,000 may also be imposed).





[17]
Evidence presented to the trial court indicated acts of sexual contact, oral
sex, and vaginal sex for a three year period, beginning when the child complainant
was eight years old, as well as injury to the child=s
sexual organ and emotional health.





[18]
The McGruder court, analyzing the Supreme
Court=s splintered
action in Harmelin,501 U.S. 957, 965 (1991),
concluded that Athis much is
clear: disproportionality survives, Solem does not.@  McGruder v. Pucket, 954 F.2d 313, 316 (5th
Cir. 1992).  Solem required an analysis of three questions: (1) the
gravity of the offense and the harshness of the sentence; (2) the sentences
imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for commission of the same crime in other jurisdictions.  Solem, 463 U.S. 277, 292 (1983). The McGruder
court, drawing on one of the three opinions issued in Harmelin,
refined the Solem analysis to  explicitly require a threshold
comparison of the harshness of the sentence and the gravity of the offense, and
then only if the court inferred that the sentence is grossly disproportionate
would it consider the remaining two factors enunciated by Solem.  McGruder, 954 F.2d at 316.  This
Court has been cautious about applying the McGruder
analysis.  Sullivan v. State,
975 S.W.2d 755, 757 (Tex. App.BCorpus
Christi 1998, no pet.).  We need not
consider its application today because the proportionality issue was not
preserved and because no evidence as to the last two Solem
factors was submitted to the trial court. 
Therefore no comparative analysis can be performed.