

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00442-CR

RYAN GARCIA                                                 APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1285698R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ryan Garcia pled guilty to one count of aggravated robbery, charged in two paragraphs, and the trial court convicted him and sentenced him to twenty years' confinement on both offenses alleged in the count's two

---

[1]See Tex. R. App. P. 47.4.

paragraphs. The Texas Court of Criminal Appeals granted Appellant an out-of-time appeal.[2] In three points, Appellant contends that

- his two aggravated robbery convictions and sentences violate article 21.24 of the code of criminal procedure;

- they also violate the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution; and

- his guilty plea was involuntary because it was predicated on his mistaken belief that he could receive community supervision on an aggravated robbery conviction.

Because we agree with the parties that the Double Jeopardy Clause prohibits two convictions and two punishments for aggravated robbery occurring in a single incident with a single complainant, we vacate the trial court's judgment convicting Appellant of and sentencing him for aggravated robbery of an elderly person. Because we hold that Appellant's guilty plea was voluntary, we affirm the trial court's judgment convicting him of aggravated robbery with a deadly weapon.

## I. Facts and Procedural History

Appellant participated in a home-invasion robbery with three other people. The target of the robbery was the 84-year-old grandmother of one of his former

---

[2]In a companion case, Appellant was also convicted of burglary of a habitation with the intent to commit a felony and sentenced to twenty years. The Texas Court of Criminal Appeals did not grant him permission to file an out-of-time appeal in that case, and this court dismissed his appeal from that judgment based on his late notice of appeal. *See Garcia v. State*, No. 02-15-00443-CR, 2016 WL 742010, at *1 & n.2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication).

classmates.  Two of the robbers had guns; Appellant did not.  Appellant tied the woman up and stood watch over her while the other men took her jewelry and the contents of her safe.  Upon his arrest, Appellant confessed to his involvement in the crime.

At the time of the robbery, Appellant was eighteen years old and had no prior convictions.

In a two-paragraph indictment, Appellant was charged with a single count of aggravated robbery.  Paragraph one alleged aggravated robbery by threat of an elderly person, and paragraph two alleged aggravated robbery by threat with a firearm, a deadly weapon.  *See* Tex. Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2), (3)(A) (West 2011).  The paragraphs named the same complainant.

Appellant signed a judicial confession, an application for community supervision, and written plea admonishments, including a waiver of a jury trial.  At the guilty-plea hearing, after ascertaining that Appellant had no prior convictions, the trial court asked him, "So you are eligible for probation;[3] is that correct?"  Appellant answered, "That's what I understand."  The trial court then

---

[3]Before September 1, 1993, "community supervision" was called "probation" in the code of criminal procedure.  *See Lake v. State*, No. PD-0196-16, 2017 WL 514588, at *1 n.1 (Tex. Crim. App. Feb. 8, 2017); *Yazdchi v. State*, 428 S.W.3d 831, 833 n.1 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1158 (2015).  We use both terms interchangeably in this opinion.  *See Lake*, 2017 WL 514588, at *1 n.1; *Yazdchi*, 428 S.W.3d at 833 n.1; *see also Metts v. State*, No. PD-1054-15, 2016 WL 6091388, at *5 n.9 (Tex. Crim. App. Oct. 19, 2016) (using terms "regular community supervision," "regular probation," and "deferred adjudication probation").

advised Appellant that his being eligible for probation did not mean that the trial court would grant it.  Appellant entered an open plea of guilty to each paragraph.

The trial court adjourned the hearing so that a presentence investigation (PSI) could be completed and resumed the trial upon receiving the PSI report. After hearing evidence and argument, the trial court found Appellant guilty of aggravated robbery and sentenced him to twenty years' confinement.  Almost a week later, the trial court signed two judgments, one for "Count One" and one for "Paragraph Two of Count One."  Each judgment provided a separate aggravated robbery conviction and twenty-year sentence, with the sentences to be served concurrently.  Appellant now appeals from those judgments.

## II.    Discussion

### A.    Appellant's Guilty Plea Was Voluntary.

In his third point, Appellant contends that (1) the trial court erred by not advising him that he was ineligible for probation from the trial court and (2) his guilty plea was therefore involuntary because it was based upon his "false belief" that he could receive probation after being convicted of aggravated robbery.  We disagree on both grounds.

### 1.    The Oral and Written Admonishments Led Appellant to Believe That He was Eligible for Some Form of Probation.

In the "Written Plea Admonishments," Appellant received admonishments on both "deferred adjudication" and "community supervision."   He was also admonished on pleading guilty without a bargain:

4

If you have plead guilty without benefit of a plea agreement, the plea proceeding is your trial. Should the Court find you guilty, your punishment can be set anywhere within the range of punishment prescribed by law for the offense. *If you are eligible you may receive deferred adjudication or community supervision, but there is no assurance that you will.* Once the Court has accepted your guilty plea, you cannot withdraw your plea without permission from the Court. [Emphasis added.]

Appended to the "Guilty Plea Admonishments" was Appellant's trial counsel's signature acknowledging that he had "fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the . . . judicial confession to [Appellant]" and that he was "satisfied that [Appellant] . . . ha[d] intelligently, knowingly, and voluntarily waived his rights and w[ould] enter a guilty plea *understanding the consequences thereof.*" [Emphasis added.]

At the hearing on the guilty plea, the trial court and Appellant had the following exchange:

THE COURT: And if you plead guilty, since I'm trying your case, then I will assess punishment. Do you understand?

[APPELLANT]: Yes, sir.

THE COURT: Now, I don't make any . . . type of representations to you or your lawyer on what I will do about these cases. Do you understand?

[APPELLANT]: Yes, sir.

THE COURT: Because I, quite frankly, don't know what I would do. I haven't heard any of the facts yet. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: But I am going to order that a Presentence Investigation Report be prepared. Now, do you

5

understand what a Presentence Investigation Report is?

[APPELLANT]: Yes, sir.

THE COURT: Basically, one of my probation officers will interview you, will interview the injured party, and will interview family members of yours to give me some kind of idea what type of person you are and why you would commit an offense . . . as serious as this. Do you understand?

[APPELLANT]: Yes, sir.

THE COURT: So it also means that since I'm going to have a Presentence Investigation Report prepared, I expect you to be truthful with the presentence investigator. Do you understand? Because I take that all into consideration too; your truthfulness, whether or not you are remorseful about this offense, or some of these things. So I'm going to allow you to stay on bond. I told your lawyer I would, but I expect you to follow the same rules and regulations that you've been following while you've been on probation [sic].

[APPELLANT]: Yes, sir. Thank you.

THE COURT: If you violate this, of course, that's going to have a bearing on what I do with you when it comes time to sentence you. Do you understand that?

[APPELLANT]: Yes, sir.

. . . .

THE COURT: *All right. You also signed an application for community supervision; is that correct?*

[APPELLANT]: Yes, sir.

THE COURT: Now, let me ask you this. Have you ever been before convicted of a felony in this state or in any other state?

[APPELLANT]:     No, sir.

THE COURT:     Have you ever been in federal court for any reason at all?

[APPELLANT]:     No, sir.

THE COURT:     *Okay.  So you are eligible for probation; is that correct?*

[APPELLANT]:     *That's what I understand.*

THE COURT:     *And you understand the difference between being eligible and actually getting probation?  They're two different things, right?  Doesn't necessarily mean just because you're pleading, I'm going to give you probation.  Do you understand that?*

[APPELLANT]:     *Yes, sir.*

THE COURT:     *And nobody has given you that representation that the Judge will, because of your age, possibly give you probation in this; is that correct?*

[APPELLANT]:     *I understand.*

THE COURT:     *All right.  Because you understand that since these are very serious cases then, of course, I treat them as being very serious cases* and the only thing I can recall about the case, and that's because I have had an opportunity to read your statement—is that these were home invasions; is that correct?

[APPELLANT]:     Yes, sir.

THE COURT:     And these people that were robbed were very elderly people; is that correct?

[APPELLANT]:     Yes, sir.

THE COURT:     Okay.  And you understand that when you're dealing with elderly people that's even more egregious because, you know, they could have had a heart attack and died and then you would

7

have been facing something else.  Do you understand that?

[APPELLANT]:     Uh-huh.  [Emphasis added.]

**2.      The Trial Court's Admonishments Substantially Complied with the Requirements of Article 26.13.**

Appellant, an American citizen, was charged with aggravated robbery with no sexual component and planned to plead guilty without a bargain.  Of the admonishments listed in article 26.13, the trial court was therefore required to admonish him only about the range of punishment he faced.  *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West Supp. 2016); *Pender v. State*, No. 02-13-00400-CR, 2014 WL 1859110, at *2 (Tex. App.—Fort Worth May 8, 2014, no pet.) (mem. op., not designated for publication).  There is no dispute that Appellant was admonished on the range of punishment he faced for the first-degree felony.  *See* Tex. Penal Code Ann. §§ 12.32 (providing range of punishment for first-degree felony), 29.03(b) (providing aggravated robbery is a first-degree felony) (West 2011).  The trial court therefore substantially complied with article 26.13.  *See* Tex. Code Crim. Proc. Ann. art. 26.13(c) (West Supp. 2016); *Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992); *Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Garza v. State*, No. 14-06-00747-CR, 2008 WL 596225, at *1 (Tex. App.—Houston [14th Dist.] Mar. 6, 2008, pet. ref'd) (mem. op., not designated for publication) (implying same conclusion based on correct admonishment on range of punishment).

**3.    Appellant Failed to Show that He Was Misled or Harmed by the Admonishments Because He Was Eligible for Deferred Adjudication Probation Until the Trial Court Signed the Judgment.**

Substantial compliance with the article 26.13 requirements is sufficient absent an affirmative showing by Appellant that he was unaware of the consequences of his plea and that he was misled or harmed.  *See* Tex. Code Crim. Proc. Ann. art. 26.13(c); *Pender*, 2014 WL 1859110, at *2. Appellant contends that he wanted probation and was harmed because he was not eligible for it.  He focuses only on the availability of "straight" probation.

A trial court is authorized to place a defendant on one of various forms of probation if he satisfies the statutory requirements.  *See* Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2016); *Garza*, 2008 WL 596225, at *2.  "Community supervision probation and deferred adjudication probation are independent of each other in the sense that a defendant may be eligible for one form of probation but not the other."  *Garza*, 2008 WL 596225, at *2.

It is true that the trial court could not grant "straight" or regular probation to Appellant after convicting him of aggravated robbery or after entering an affirmative deadly weapon finding.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F), (2).  We recognize that the oral and written plea admonishments could have clarified that limitation.  Nevertheless, the trial court had the option to defer finding Appellant guilty and to place him on deferred adjudication probation. *See id.* art. 42.12, § 5(a); *Cabezas v. State*, 848 S.W.2d 693, 694 (Tex. Crim.

9

App. 1993). The trial court retained this discretion until the judgment of conviction was signed. *See Garza*, 2008 WL 596225, at *2 (holding that despite oral finding of guilt, trial court retained power to grant deferred adjudication for aggravated robbery until signing written judgment after sentencing); *Cruz v. State*, No. 2-02-148-CR, 2003 WL 21283178, at *1 (Tex. App.—Fort Worth June 5, 2003, pet. ref'd) (mem. op., not designated for publication) (holding trial court could consider granting deferred adjudication until signing its written judgment despite stating orally that it was finding defendant guilty); *cf. Moore v. State*, No. 12-15-00195-CR, 2016 WL 3950945, at *2 (Tex. App.—Tyler July 20, 2016, no pet.) (mem. op., not designated for publication) (holding oral finding of guilt does not remove trial court's power to grant deferred adjudication); *Rogers v. State*, No. 14-09-00665-CR, 2012 WL 50609, at *2 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.) (mem. op., not designated for publication) (same). The case Appellant relies on, *Ramirez v. State*, 655 S.W.2d 319, 321–22 (Tex. App.—Corpus Christi 1983, no pet.), does not discuss the availability of deferred adjudication probation and is therefore inapposite.

Thus, when Appellant pled guilty on September 24, 2012, the trial court had the power to consider deferred adjudication probation, and the trial court retained that power until it signed the judgment of conviction on December 4, 2012. *See Garza*, 2008 WL 596225, at *2; *Cruz*, 2003 WL 21283178, at *1. Appellant makes no argument and points to no evidence indicating that when he pled guilty, he desired only regular probation, not deferred adjudication probation.

Consequently, he has failed to show that he was misled or harmed by the trial court's admonishments. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c); *Garza*, 2008 WL 596225, at *2.

We therefore hold that Appellant's guilty plea was voluntary and overrule his third issue.

## B. Two Convictions and Sentences for Aggravated Robbery of One Complainant Placed Appellant in Double Jeopardy.

In his second point, Appellant contends that his two convictions and sentences for the same count of aggravated robbery violate his right to be free from double jeopardy. The State candidly agrees.

The allowable unit of prosecution for robbery or aggravated robbery is the person assaulted. *Ex parte Hawkins*, 6 S.W.3d 554, 560–61 (Tex. Crim. App. 1999) (robbery); *see Cooper v. State* (*Cooper II*), 430 S.W.3d 426 (Tex. Crim. App. 2014) (aggravated robbery). In *Cooper*, the Texas Court of Criminal Appeals held that the trial court violated the defendant's rights to be free of double jeopardy by convicting and sentencing him on two counts of aggravated robbery for a single encounter involving the same complainant. *Cooper II*, 430 S.W.3d at 427; *accord Newsome v. State*, No. 02-05-00390-CR, 2007 WL 936858, at *2 (Tex. App.—Fort Worth Mar. 29, 2007, pet. ref'd) (mem. op., not designated for publication) (vacating two of three convictions for aggravated robbery because indictment described only one incident and named only one complainant). One count in *Cooper* was based on the use or exhibition of a

11

deadly weapon and "intentionally, knowingly, or recklessly caus[ing] bodily injury," and the other count was based on the use or exhibition of a deadly weapon and "intentionally or knowingly threaten[ing] or plac[ing] another in fear of imminent bodily injury or death." *Cooper v. State* (*Cooper I*), 373 S.W.3d 821, 827 (Tex. App.—Austin 2012), *rev'd*, 430 S.W.3d at 427. Those were alternative means of alleging and committing the same aggravated robbery of a single complainant. *Cooper II*, 430 S.W.3d at 428 (Keller, P.J., concurring), 439 (Cochran, J., concurring); *Burton v. State*, 510 S.W.3d 232, 237 (Tex. App.—Fort Worth 2017, no pet.).

Similarly, in the facts before us, the complainant's age of "65 years . . . or older" and the use or exhibition of a firearm were just two alternative means of alleging the same aggravated robbery of the same person. *See Torres v. State*, No. 04-07-00873-CR, 2008 WL 5264869, at *4 (Tex. App.—Fort Worth Dec. 17, 2008, pet. ref'd) (mem. op., not designated for publication); *see also Cooper II*, 430 S.W.3d at 428 (Keller, P.J., concurring); 439 (Cochran, J., concurring). We hold that convicting and sentencing Appellant twice for the same aggravated robbery of one person violated his constitutional right to be free from double jeopardy, and we sustain his second point.

The proper remedy when a defendant is subject to multiple punishments for the same conduct is to affirm the "'most serious" offense and to vacate the other. *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). The most serious

offense is the offense for which the greatest sentence was assessed. *Cavazos*, 203 S.W.3d at 338. The trial court sentenced Appellant to twenty years' confinement for each conviction. The trial court did not assess restitution, but the conviction with the firearm element contains an affirmative finding of a deadly weapon. We therefore vacate Appellant's conviction and sentence for aggravated robbery by threat of an elderly person. *See id.*; *see also Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007).

Because of our disposition of this point, we do not reach Appellant's first point contending that article 21.24 of the code of criminal procedure bars his two convictions and punishments for two paragraphs alleged in a single count. *See* Tex. R. App. 47.1.

### III. Conclusion

To remedy the double jeopardy violation, we set aside Appellant's conviction and sentence for aggravated robbery by threat of an elderly person, and, having held that his guilty plea was voluntary, we affirm the trial court's judgment convicting Appellant of aggravated robbery by threat with a deadly weapon.

                                                    /s/ Mark T. Pittman
                                                    MARK T. PITTMAN
                                                    JUSTICE

PANEL:  SUDDERTH, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 27, 2017