Patricia Randazzo **GIBSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–221–CR.

Court of Appeals of Texas, Corpus Christi.

March 10, 1988.

Charles Smith, Corpus Christi, for appellant.

Carlos Valdez, Co. Atty., Corpus Christi, for appellee.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Patricia Randazzo Gibson was convicted on a plea of guilty to the misdemeanor offense of driving while intoxicated. Pursuant to a plea bargain, the trial court sentenced her to 90 days confinement, probated for two years, and a $500.00 fine. Appellant raises two points of error challenging the voluntariness of her plea and the sufficiency of the evidence to support the trial court's acceptance of her plea. We affirm.

The appellant was charged with the present offense by an information alleging that the offense occurred "on or about the 15th day of August A.D. *1986*" (emphasis added). At trial on April 8, 1987, the appellant signed a written guilty plea to "Driving While Intoxicated committed in Nueces County, Texas, on about August 15, *1987*, as alleged in the information filed in this case" (emphasis added). Before accepting the plea, the trial court asked appellant if she had read the plea, and appellant said that she had not. The court then detailed the contents of the guilty plea, repeating the mistaken date, and the prosecution revealed the plea bargain agreement. On the court's further inquiry, appellant said that she still wished to plead guilty on those conditions. The trial court sentenced appellant and entered judgment accordingly.

In her first point of error, appellant complains that the trial court erred in not finding whether her plea was voluntary and intelligent. Appellant points to the requirements of Tex.Code Crim.Proc.Ann. art. 26.13(a) (Vernon Supp.1988), that prior

to accepting a guilty plea the court should admonish the defendant of the consequences of such a plea. However, it has been consistently held that article 26.13 speaks only to felony cases. *McGuire v. State*, 617 S.W.2d 259, 261 (Tex.Crim.App. 1981); *Gallegos v. State*, 425 S.W.2d 648, 650 (Tex.Crim.App.1968); *see also* articles 27.13 and 27.14.

■ The test employed to assess whether the trial court was correct in accepting a defendant's guilty plea is to examine the "totality of the circumstances" surrounding the plea to determine if it was voluntarily and intelligently made. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex.Crim.App. 1986); *Gates v. State*, 543 S.W.2d 360, 362 (Tex.Crim.App.1976). In the present case, the court fully explained the consequences of a guilty plea to the appellant and she then acknowledged her wish to plead guilty and accept the consequences.

■ Appellant contends that the incorrect date which appeared on the written plea and was repeated by the trial court in its explanation of the plea, casts doubt on the plea having been made voluntarily and intelligently. When the trial court called the present action on April 8, 1987, it informed the appellant that she was indicted for a DWI occurring on or about August 15, 1986. The appellant did not then or at any time contest the date alleged or express confusion as to whether the offense charged was the same offense she pled guilty to. The date on the written plea was the same month and day as that on the indictment, except it was one year later. It would have been impossible for the appellant to have committed the offense on the later date at the time of trial, because it was a future date. Under the totality of the circumstances, we hold that the appellant voluntarily and intelligently pled guilty to the offense with which she was charged. Although there was an obvious mistake in the date, there is no indication that it in any way misled or harmed appellant. *See Ex parte Williams*, 704 S.W.2d 773, 777 (Tex. Crim.App.1986). Appellant's first point of error is overruled.

■ In her second point of error, appellant complains that there was insufficient evidence upon which the trial court could make a factual determination as to her plea. However, by entering a plea of guilty in a misdemeanor case, appellant admitted every element of the offense charged and the guilty plea alone was sufficient to sustain the conviction. *Brown v. State*, 507 S.W.2d 235, 238 (Tex.Crim.App. 1974); *Maxey v. State*, 626 S.W.2d 180, 182 (Tex.App.—Corpus Christi 1982, pet. ref'd).

Nevertheless, we understand the appellant's real complaint in point of error two not to challenge sufficiency of the evidence to support the plea, but to challenge the adequacy of the plea itself to support the conviction.

■ Though our courts have rarely addressed the matter, it is clear that for a plea of guilty to be effective, it must conform to, or be consistent with, the offense charged in the indictment or information; and a plea of guilty to an offense other than that charged is without effect. 22 C.J.S. *Criminal Law* § 423(1) (1961). In this respect, the guilty plea is comparable to a verdict, which must be responsive to the offense charged in the indictment. *Eads v. State*, 598 S.W.2d 304, 306 (Tex. Crim.App.1980); *Peterson v. State*, 508 S.W.2d 844, 849 (Tex.Crim.App.1974); *see also Woodard v. State*, 42 Ala.App. 552, 171 So.2d 462, 470 (1965). A jury verdict, however, will still be upheld if its meaning can be reasonably ascertained from the words used. *Peterson*, 508 S.W.2d at 849; *Barry v. State*, 700 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1985, pet. ref'd).

■ The present plea is responsive to the indictment in every respect except the date of the offense. We hold that the intention of the appellant to plead guilty to the offense charged can still be reasonably ascertained from the words used in the plea. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.