NO. 07-07-0222-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 24, 2008

_____

LINDSEY FORD JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413,878; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lindsey Ford Jr., appeals the entry of judgment finding him guilty of the offense of forgery,[1] enhanced by two prior felony convictions. Although the underlying indictment contained two separate counts, the judgment, as drafted, constitutes only one

_____

[1]Tex. Penal Code Ann. § 32.21 (Vernon 2003).

conviction and one sentence.  Punishment was assessed at twenty years confinement to run concurrent with four separate sentences arising from four additional indictments.[2]  By one issue, Appellant contends the evidence presented by the State during his plea proceeding was factually insufficient to prove the offenses charged.  We affirm.

## Background

On October 2, 2006, a Lubbock County Grand Jury returned an indictment charging Appellant with two counts of forgery of a financial instrument enhanced by two prior felony convictions.[3]  Count I alleges Appellant passed a forged writing to Lucy Rogers.  Count II alleges Appellant passed a forged writing to Vikki Shiflett.  Each count alleged that said writing was a check "of the tenor following:  (see attached)."  Attached to the indictment was a photocopy of two checks, Check No. 2249 in the amount of $24.74, and Check No. 2253 in the amount of $23.24, each drawn on the account of Timothy Key.  Neither the

___

[2]In a single proceeding, Appellant was also convicted of: (1) Cause No. 2006-413,889, burglary of a habitation, enhanced; (2) Cause No. 2006-413,890, burglary of a habitation, enhanced; (3) Cause No. 2006-414,895, burglary of a habitation, enhanced; and, (4) Cause No. 2006-414,532, burglary of a habitation, enhanced.  Appellant was sentenced to life on each of the burglary charges.  Again, although the indictment in Cause No. 2006-413,890 contained multiple counts, the judgment, as drafted, constitutes only one conviction and one sentence.

[3]The indictment also alleges that, prior to the commission of the alleged forgery, Appellant had been convicted for the felonies of burglary and credit card abuse.  The indictment alleged Appellant had been convicted for the felony of burglary on September 9, 1992 in the 237th District Court of Lubbock County, Texas, in Cause No. 92-414,991, and, on August 31, 1990, he was convicted of the felony of credit card abuse in the 137th District Court of Lubbock County, Texas, in Cause No. 89-409,763.

language in the indictment, nor the photocopy of the checks, indicates which check was passed to Rogers and which check was passed to Shiflett.

On May 10, 2007, Appellant appeared in open court, with counsel, and acknowledged to the court that it was his "intent to enter an open plea to each of the cases that are pending against [him] here today."[4] Appellant further acknowledged there was no plea agreement with the State, his plea was freely and voluntarily given and he was waiving certain rights including his right to a trial by jury, as well as his right to confront and cross-examine witnesses in open court. The record further reflects Appellant filed his *Written Admonishments,*[5] wherein he indicated he was "desiring to enter a plea of guilty." Without formally eliciting a plea of guilty in accordance with article 27.13 of the Texas Code of Criminal Procedure, the trial court reviewed the indictment's allegations as follows:

> THE COURT: First of all, in Cause No. 2006-413,878, do you understand that you're indicted for the offense of forgery?
> THE DEFENDANT: Yes.

---

[4]*See* fn. 3. Appellant's four other convictions are the subject of appeals filed in this Court in Cause Nos. 07-07-0223-CR, 07-07-0224-CR, 07-07-0225-CR, and 07-07-0226-CR. Opinions in these appeals are also being issued simultaneously.

[5]The Written Admonishments were signed by Appellant, his attorney, and the trial judge. The admonishments set forth the range of punishment for the offense charged; affirmed Appellant's mental competency; admitted his plea was given freely and voluntarily; recognized no one made any promises to him to induce his plea; admitted his understanding regarding his constitutional rights to trial by jury, right to confront witnesses, and the right to not be compelled to testify against himself at trial; acknowledged that if he pleads guilty he waives the aforementioned rights; acknowledged his understanding as to restitution; and the contents of the Written Admonishments.

THE COURT:  And also there it is alleged in the indictment that you've been previously convicted of two prior felonies.  And are you going to be pleading true to those enhancement paragraphs?

THE DEFENDANT:  Yes.

THE COURT:  First of all it alleges that on or about September the 6th of 2006 that you intentionally with intent to defraud and harm another pass to Lucy Rogers a forged writing knowing that such writing to be forged, and purported to be the act of another, that being a Timothy Key, who did not authorize the act, and said writing was attached a check made payable to United Supermarket in the amount of $72.24, and another one in the amount of $23.24; that are both dated September 6th, 2006.  Are you pleading guilty to the charge of forgery because you are guilty and for no other reason?

THE DEFENDANT  Yes.

The trial court then reviewed the enhancements contained in the indictment and explained their effect on the range of punishment.  Appellant answered affirmatively to the court's question regarding whether he understood the effect of the enhancements, whereupon the court announced that it would "accept your plea of true to that charge as well, and also your plea of guilty."  There were no objections to the procedure by which the court "accepted" Appellant's plea.

The trial court then repeated that procedure for three of the remaining four indictments, heard the State's evidence, and reviewed Appellant's pre-sentence report.  At the conclusion of the proceeding, the trial court assessed Appellant's punishment at twenty years confinement and entered judgment.

**Discussion**

Appellant contends the evidence is "factually insufficient" to support his conviction but cites no authority to explain or support his entitlement to a factual sufficiency review where, as here, he has pled guilty to a trial court and waived his right to a jury trial.

Where a defendant knowingly, intelligently, and voluntarily pleads guilty or *nolo contendere* to a felony, the appellate standards of review for legal[6] and factual[7] sufficiency do not apply. *Ex parte Martin,* 747 S.W.2d 789, 791 (Tex.Crim.App. 1988); *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex.Crim.App. 1986); *O'Brien v. State,* 154 S.W.3d 908, 910 (Tex.App.–Dallas 2005, no pet.); *Keller v. State,* 125 S.W.3d 600, 604-05 (Tex.App.–Houston [1st Dist.] 2003, pet. dism'd), *cert. denied,* 544 U.S. 906, 125 S.Ct. 1603, 161 L.Ed.2d 280 (2005). Although the State must introduce evidence into the record establishing the defendant's guilt, *see* Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005), there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *McGill v. State,* 200 S.W.3d 325, 330 (Tex.App.–Dallas 2006, no pet.). Rather, the supporting evidence must simply embrace each essential element of the offense charged. *Stone v. State,* 919 S.W.2d 424, 427 (Tex.Crim.App. 1996); *McGill,* 200

---

[6] *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

[7] *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

S.W.3d at 330. The issue is whether sufficient evidence supports the judgment of guilt under article 1.15. *Id.; Keller*, 125 S.W.3d at 605.

Moreover, where the defendant's plea is supported by a voluntary judicial confession, he waives his right to complain of the factual sufficiency of the evidence supporting his conviction. *McGill,* 200 S.W.3d at 332; *Keller*, 125 S.W.3d at 605. A judicial confession standing alone is sufficient to sustain a conviction on a guilty plea under article 1.15; *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1979) (op. on reh'g); *Keller,* 125 S.W.2d at 605*; Lord v. State,* 63 S.W.3d 87, 92 (Tex.App.–Corpus Christi 2001, no pet.); *Stewart v. State,* 12 S.W.3d 146, 148 (Tex.App.–Houston [1st Dist.] 2000, no pet.); *Smith v. State,* 857 S.W.2d 71, 75 (Tex.App.–Dallas 1993, pet. ref'd), and Appellant's plea constitutes a voluntary judicial confession of guilt. *See Dinnery,* 592 S.W.2d at 352-53; *Harp v. State*, 148 Tex.Crim. 354, 187 S.W.2d 570, 571 (1945) (op. on reh'g); *Lord,* 63 S.W.3d at 92; *Stewart,* 12 S.W.3d at 148.

We note that, when summarizing the offense charged by the indictment prior to taking Appellant's plea, the trial court inadvertently referred to one forged check charged in the indictment in the amount of $24.74 as a check in the amount of $72.24. This inadvertent error does not cast doubt on whether the plea was made voluntarily and intelligently, or affect the adequacy of the plea itself to support the conviction. *See Gibson v. State,* 747 S.W.2d 68, 69-70 (Tex.App.–Corpus Christi 1988, no pet.) (indictment alleged

offense occurred on August 15, 1986, and defendant pled guilty to same offense occurring on the wrong date, August 15, 1987).

Although there was an obvious mistake in the amount, there is no indication that it in any way misled or harmed Appellant, and his intention to plead guilty to the forgery offenses can be reasonably ascertained from the words used in the plea. *Id.* This is particularly so where the specific amount of money sought to be obtained by the forged instrument was not an element of the offense; *see* Tex. Penal Code Ann. § 32.21(d) (Vernon 2003), and the difference between the actual amount of the forged instrument ($24.74) and the amount mistakenly represented by the trial court at sentencing ($72.24) was insignificant ($47.50). Moreover, Appellant did not lodge any objection to this inadvertent mistake by the trial judge during the plea proceedings, move to withdraw the plea, or otherwise raise the issue here. Accordingly, any grounds for objection were waived. *See* Tex. R. App. P. 33.1(a); *Aldrich v. State,* 53 S.W.3d 460, 469, 470 (Tex.App.–Dallas 2001), *aff'd,* 104 S.W.3d 890 (Tex.Crim.App. 2003); *McGowin v. State,* 912 S.W.2d 837, 842 (Tex.App.–Dallas 1995, no pet.).

Having considered the record, we conclude there was sufficient evidence to support the judgment under article 1.15 of the Code of Criminal Procedure. Appellant's sole issue is overruled.

## Conclusion

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.