

# NUMBER 13-11-00406-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS, Appellant,

v.

MARCELINO GUERRERO, Appellee.

## On appeal from the Count Court at Law No. 4 of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

In a separate cause to this appeal, appellee, Marcelino Guerrero, pleaded guilty to the offense of possession of two ounces or less of marihuana in 1998. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010). In that case, he was sentenced to deferred adjudication community supervision for a term of 180 days and was assessed a $200 fine. Guerrero, seeking habeas corpus relief, filed a motion to vacate the 1998 judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 §1 (West 2005). The habeas

court vacated the judgment on May 31, 2011. In this appeal, the State challenges the habeas court's judgment by three issues. We affirm.

## I. STANDARD OF REVIEW

We generally review a trial court's decision on an application for habeas corpus relief under an abuse of discretion standard of review. *See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *see also Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011) (stating that the *Guzman* standard applies to appellate review of habeas corpus proceedings) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). This deferential review applies even when the habeas court's factual findings are implied rather than explicit and are supported by the record. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). "There is less leeway in an article 11.072 context to disregard the findings of a trial court." *Ex parte Garcia*, 353 S.W.3d at 787–88. In *Guzman*, the court of criminal appeals stated:

> As a general rule, the appellate courts . . . should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate court . . . should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.

*Guzman*, 955 S.W.2d at 89.

2

## II. DISCUSSION

By three issues, the State contends that the habeas court abused its discretion by granting relief to Guerrero because he failed to present any evidence to support his claim, the record reflects that he voluntarily waived his right to counsel in the 1998 case, and the trial court was not required to admonish him of the consequences of his plea pursuant to article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 26.13 (West Supp. 2011).

At the habeas corpus hearing, the habeas court heard from the State and defense counsel regarding the facts of the case. The general rule is that an attorney's statements on the record, as an officer of the court, are considered evidence unless an objection is made. *See Holloway v. Arkansas*, 435 U.S. 475, 485–86 (1978); *In re M.N.*, 262 S.W.3d 799, 804 (Tex. 2008). The State neither objected to defense counsel's recitation of the facts nor to the habeas court's statement that it did not need to hear testimony from appellant. Therefore, to the extent that the State now complains on appeal that the habeas court could not rely on defense counsel's statements as evidence, we conclude that the State has not preserved that issue for review. *See* TEX. R. APP. P. 33.1(a). Therefore, the habeas court was free to depend on defense counsel's statements as evidence in this case. *See Holloway*, 435 U.S. at 485–86; *In re M.N.*, 262 S.W.3d at 804. We overrule the State's first issue.

At the habeas hearing held on March 28, 2011, defense counsel informed the habeas court that at the time that Guerrero pleaded guilty to possession of marihuana in 1998, he was an eighteen-year-old junior in high school. Defense counsel told the habeas court that Guerrero completed his probation, and that the plea is now affecting

his "legal status" in the United States.  According to defense counsel, Guerrero has been in the United States since he was twelve years old.

The habeas court recalled that during the time that Guerrero pleaded guilty, the defendants "would line up" and "Aida and Hector would sign them up without an attorney."  The habeas court recognized that "with 9/11 we make sure everyone has an attorney when he pleas on his case."

Defense counsel argued that if Guerrero had been provided with an attorney, he would have been properly admonished concerning the immigration effects of pleading guilty to the charged offense.[1]  The State argued that the record reflected that Guerrero knowingly and freely signed "the Waiver of Counsel on his Presentence Investigation Report" and that there was "nothing in the record to suggest that he didn't understand what he was doing."  The habeas court apparently then orally granted habeas relief off the record.  The State filed a motion to reconsider the ruling on the defendant's motion to vacate the judgment on April 4, 2011.

The habeas court held a hearing on the State's motion to reconsider on April 15, 2011.  At that hearing, the State presented the waiver of counsel signed by Guerrero when he pleaded guilty to possession of marihuana.  Defense counsel stated that the prosecutor offered Guerrero the admonishment papers "indicating that if he pleaded guilty on that day [the State] would recommend a six-month deferred adjudication sentence which [Guerrero] signed off saying that he would plead" and the prosecutor did not inform Guerrero of the consequences of pleading guilty and waiving counsel. Defense counsel explained that:  (1) Guerrero had not been admonished of his rights as

---

[1] There is nothing in the record regarding whether Guerrero requested an attorney in the 1998 case.

4

a non-citizen before pleading guilty to the charged offense; (2) Guerrero was never informed of the consequences of waiving his right to counsel; (3) Guerrero was not informed of the immigration consequences of pleading guilty to the charged offense; (4) appellant is now facing deportation due to his guilty plea; (5) there is nothing the record showing that he had been admonished pursuant to article 26.13 concerning the consequences of pleading guilty; (6) no one asked Guerrero about his immigration status before he pleaded guilty; and (7) Guerrero was not aware of the immigration consequences before he pleaded guilty. Defense counsel advised the habeas court that Guerrero was available to testify. Defense counsel argued that the trial court in the underlying case should have inquired into Guerrero's citizenship status and appointed counsel to explain the immigration consequences of pleading guilty upon discovering that he was not a citizen.

It is well established that an accused may waive his right to counsel. *Williams v. State*, 252 S. W. 3d 353, 356 (Tex. Crim. App. 2008). For a waiver of counsel to be valid, it must be voluntarily and knowingly made. *Id.* Waiver may be defined as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). "Where the defendant appears in court and confesses his guilt, the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation, but rather, whether there was a knowing, voluntary and intelligent waiver of counsel." *Blocker v. State*, 889 S.W.2d 506, 508 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (quoting *Johnson v. State*, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981) (on rehearing)) (internal quotations omitted).

In this case, there was evidence presented to the habeas court that Guerrero waived his right to counsel only after he was told that the State would give him deferred adjudication. There was also evidence presented that Guerrero was not aware of his rights as a non-citizen and that he was an eighteen-year-old junior in high school. There was nothing in the record showing that anyone explained the consequences of waiving his right to counsel.[2] The evidence further established that no one inquired into Guerrero's immigration status or that he was told that pleading guilty to the charged offense could affect his immigration status. The habeas court recalled the procedures that were followed during the time period when Guerrero pleaded guilty to the charged offense. The State cited the waiver of counsel form signed by Guerrero as definitive evidence that he knowingly and voluntarily waived his right to counsel; Guerrero's attorney stated that Guerrero signed the form after the State made the offer of deferred adjudication implying that he would not have signed the form without the offer from the State. *See Kniatt*, 206 S.W.3d at 664 (providing that in a habeas case, the trial court can "believe or disbelieve any of the witnesses. . . ."). As the fact-finder, it was within the habeas court's province to weigh and resolve the conflicts in the evidence. *See Ex parte Wheeler*, 203 S.W.3d at 325–26.

---

[2] The trial court admitted State's exhibit 4, waiver of presentence investigation, signed by Guerrero. It states:

> I have been advised by the Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel.

The trial court also admitted State's exhibit 4, judgment and waiver of counsel, stating, "If the Defendant did not appear with counsel, the Defendant appeared in person, and knowingly, intelligently and voluntarily waived the right to representation by counsel." This document is not signed by Guerrero.

From the evidence presented, the habeas court may have found that Guerrero had not been properly admonished by an attorney concerning the immigration consequences of pleading guilty after inferring that the prosecutor told Guerrero he would get deferred adjudication only if he signed the waiver of counsel form. Viewing the evidence in the light most favorable to the ruling, we conclude that the habeas court may have concluded that Guerrero did not knowingly and voluntarily waive his right to counsel. *See Williams v. State*, 252 S. W. 3d 353, 357 (Tex. Crim. App. 2008) ("[C]ourts indulge every reasonable presumption against waiver and . . . do not presume acquiescence in the loss of fundamental rights. The trial judge is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary.") (internal quotations omitted). Accordingly, the habeas court did not abuse its discretion in granting habeas corpus relief in this case. We overrule the State's second issue.

By its third issue, the State contends that Guerrero was not entitled to an admonishment pursuant to article 26.13 of the Texas Code of Criminal Procedure, which it argues only requires a trial court to admonish a defendant of the immigration consequences of pleading guilty to a felony offense.[3] *See* TEX. CODE CRIM. PROC. art. 26.13; *see also Villanueva v. State*, No. 13-05-00114-CR, 2008 Tex. App. LEXIS 7554, at *18 (Tex. App.—Corpus Christi Oct. 9, 2008, pet. ref'd.) (mem. op., not designated for publication) ("[T]he requirements of article 26.13 are not applicable to misdemeanor offenses.") ((citing *State v. Jimenez*, 987 S.W.2d 886, 889 (Tex. Crim. App. 1999) (en banc); *Alvear v. State*, 25 S.W.3d 241, 246 (Tex. App.—San Antonio 2000, no pet.);

---

[3] We note that the evidence in the record supports the habeas court's finding that the trial court in the 1998 case did not admonish Guerrero of the immigration consequences of pleading guilty to the offense. Moreover, the habeas court may have relied on this evidence as further support that Guerrero's plea was not voluntary.

*Shipley v. State*, 828 S.W.2d 475, 480 (Tex. App.—El Paso 1992, pet. ref'd); *Gibson v. State*, 747 S.W.2d 68, 69 (Tex. App.—Corpus Christi 1988, no pet.)). However, because we have concluded that the habeas court properly granted habeas corpus relief on the basis that Guerrero did not voluntarily waive his right to counsel, which does not depend on Guerrero's rights under article 26.13, we need not address this issue. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We affirm the habeas court's order.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
16th day of August, 2012.