ACCEPTED
06-15-00026-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/15/2015 10:36:12 AM
DEBBIE AUTREY
CLERK

NO. 06-15-00026-CR
NO. 06-15-00027-CR
NO. 06-15-00028-CR
IN THE
SIXTH COURT OF APPEALS
OF TEXAS
TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

4/15/2015 10:36:12 AM

DEBBIE AUTREY
Clerk

_____

ROGER DALE GAMMONS,
APPELLANT

vs.

THE STATE OF TEXAS,
APPELLEE

_____

On Appeal from the 8th Judicial District Court
of Hopkins County, Texas

Trial Court Cause No. 1423872
Trial Court Cause No. 1423872
Trial Court Cause No. 1423872

_____

BRIEF FOR THE APPELLANT

_____

J. Edward Niehaus
207 W. Hickory St. Suite 309
Denton, Texas 76201
TELEPHONE (940) 600-1295
FACSIMILE (888) 821-2890
STATE BAR NO. 24074812
Jason@BNDlegal.com

ATTORNEY FOR APPELLANT

Oral Argument Not Requested

## Identity of Parties and Counsel

1. **Trial Judge**: The Honorable Eddie Northcutt, Presiding Judge of the 8ᵀᴴ Judicial District Court of Hopkins County, 110 Main St. Sulphur Springs, TX 75482.

**2. Appellant:** Roger Dale Gammons, TDC #01978521 , BYRD Unit, 21 FM 247, Huntsville, TX 77320.

**3. Counsel for Appellant:**

**a.** Trial Court: Heath Hyde, 900 Jackson St. Suite 535, Dallas, TX 75202.

**b.** Direct Appeal: J. Edward Niehaus, 207 W. Hickory St. Suite 309, Denton, Texas 76201.

**4. Counsel for the State of Texas:**

**a.** The State of Texas was represented by Will Ramsay, Hopkins County District Attorney, and Mr. Peter Morgan, Assistance District Attorney, at the trial court level and in this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. The decisional process of this Court would not be significantly aided by oral argument since the facts and legal arguments are adequately presented in the brief submitted to this Court by the Appellant.

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL..............................................................i

STATEMENT REGARDING ORAL ARGUMENT.................................................i

TABLE OF CONTENTS...................................................................................ii

INDEX OF AUTHORITIES.............................................................................iii

STATEMENT OF THE CASE...........................................................................iv

ISSUES PRESENTED......................................................................................v

STATEMENT OF FACTS.................................................................................1

SUMMARY OF THE ARGUMENT..................................................................5

APPELLANT'S ISSUE NO. ONE.....................................................................6

   Appellant's Plea of Guilty was Involuntarily Entered Where Appellant was Incompletely Admonished Regarding His Eligibility for Probation. ....................6

APPELLANT'S ISSUE NO. TWO....................................................................10

   The Court Erred by Failing to Recuse Himself Where the Court had Personal Knowledge of Disputed Facts Relating to Appellant's Enhancement Paragraph(s) ..............................................................................................................10

APPELLANT'S ISSUE NO. THREE................................................................10

   The Court Erred by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings Relevant to the Case for Which Appellant Appeared Before the Court. .......................................10

PRAYER......................................................................................................14

CERTIFICATE OF SERVICE..........................................................................14

CERTIFICATE OF COMPLIANCE...................................................................14

# Index of Authorities

## Cases

*Aguirre-Mata v. State*, 125 S.W.3d 473 (Tex. Crim. App. 2003)..............................6
*Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969)
..................................................................................................14, 15, 18
*Cabezas v. State*, 848 S.W.2d 693 (Tex. Crim. App. 1993)...............................17, 19
*Carranza v. State*, 980 S.W.2d 653 (Tex.Cr.App. 1998)..........................................11
*DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App. 1981)..............................................11
*Easton v. State*, 2001 Tex. App. LEXIS 7179, 7, 2001 WL 1289945
    (Tex. App. Houston 14th Dist. Oct. 25, 2001)(memo. op.).................27, 28, 30
*Ex parte Evans*, 690 S.W.2d 274 (Tex. Crim. App. 1985)....................................9, 10
*Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App. 1980)............................................11
*Ex Parte Shuflin*, 528 S.W.2d 610 (Tex.Crim.App. 1975).........................................18
*Ex parte Smith*, 678 S.W.2d 78 (Tex. Crim. App. 1984)...........................................11
*Ex parte Williams*, 704 S.W.2d 773 (Tex. Crim. App. 1986)......................................6
*Gaal v. State*, 332 S.W.3d 448 (Tex. Crim. App. 2011)....................20, 22, 23, 24, 28
*Gamez v. State*, 737 S.W.2d 315 (Tex. Crim. App. 1987)..........................................25
*Gibson v. State*, 747 S.W.2d 68 (Tex. App.-- Corpus Christi 1988, no pet.).............9
*Gonzales v. State*, 746 S.W.2d 902 (Tex. App. – Corpus Christi 1988)...................10
*Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556
    (Tex. App.—Beaumont 1993, writ denied)...............................................22
*Harrison v. State*, 688 S.W.2d 497 (Tex. Crim. App. 1985)........................................6
*Hathorne v. State*, 459 S.W.2d 826 (Tex. Crim. App. 1970)...........27, 28, 29, 30, 31
*Henderson v. Morgan*, 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2D 108 (1976).....15
*Holifield v. State*, 538 S.W.2d 123 (Tex.Cr.App. 1976)............................................25
*Lackey v. State*, 364 S.W.3d 837 (Tex. Crim. App. 2012)..................................20, 24
*Lee v. State*, 555 S.W.2d 121 (Tex. Crim. App. 1977)...............................................28
*Morsman v. State*, 2013 Tex. App. LEXIS 6177, 3, 2013 WL 2247322
    (Tex. App. Texarkana May 21, 2013)(memo. op.)..............................25, 26, 29
*Mosley v. State*, 141 S.W.3d 816 (Tex. App.—Texarkana 2004, pet. ref'd))...........22
*Munoz v. State*, 840 S.W.2d 69 (Tex. App.--Corpus Christi 1992, pet. ref'd)............9
*Prado v. State*, Nos. 05-05-00175-CR & 05-05-00525-CR, 2006 WL 1792736
    (Tex. App.—Dallas 2006, no pet.) (memo. op.).....................................................6
*Taylor v. State*, 610 S.W.2d 471 (Tex. Crim. App. 1980).........................................15

## Rules

Preamble, Tex. R. Disciplinary Prof Cond..........................................................32
Tex.R.App.P. 43.2(d)............................................................................20, 24, 33
Tex.R.App.P. 44.2(a)..................................................................................20, 25
Tex.R.App.P. 44.2(b).......................................................................................6
Tex.R.App.P. 47.7...........................................................................................26
Tex.R.Civ.P. 18(b)(3)................................................................................23, 25, 32
Tex.R.Civ.P. 18(b)(5)..................................................................................25, 27

**Statutes**

Tex.Code Crim. Proc. Ann. art 2.01.................................................................32
Tex.Code Crim. Proc. Ann. art 26.13.........................................................8, 9, 10
Tex.Code Crim. Proc. Ann. art 30.01.....................................................26, 27, 28
Tex.Code Crim. Proc. Ann. art. 42.12 sec. 3(e)(1).........................................13, 16
Tex.Code Crim. Proc. Ann. art. 42.12 sec. 4(d)(1).........................................13, 14
Tex.Pen.Code §12.42(c)(1)..............................................................................16

**Constituion**

Tex. Const. Art. V, § 11..............................................................................20, 25

**Other Authorities**

47 TEX. JUR. 3d *Judges* § 70 (2007)................................................................22

48B Robert P. Schuwerk & Lillian B. Hardwick, TEXAS PRACTICE SERIES: HANDBOOK OF TEXAS LAWYER AND JUDICIAL ETHICS....................................23, 28, 32

TEX.JUR.3D, VOL. 21, CRIM.LAW, § 1861 .........................................................25

## Statement of Case

Appellant was charged by indictment with possession of a penalty group one controlled substance, with intent to deliver, in an amount over 4g but less than 200g in cause number 1423872 (hereinafter "case 872")(CR1 at 1, 42), with tampering with physical evidence  in cause number 1423873 (hereinafter "case 873")(CR2 at 1, 41), and with 4g but less than 200g in cause number 1423874

(hereinafter "case 874")(CR3 at 1, 42), all of which were pending in the 8TH Judicial District Court of Hopkins County, Texas, the Honorable Eddie Northcutt, Presiding, (RR II 6 – 8).[1] Appellant's punishment range was enhanceable pursuant to the habitual felony offender provision of the penal code, (RR II 8; CR1 at 29; CR2 at 18; CR3 at 26). After plea of guilty and hearing on punishment, Appellant was sentenced to incarceration for life, (CR1 at 34 – 35, 39 – 40; CR2 at 31 – 32, 37 – 38; CR3 at 33 – 34, 38 – 39; RR IV 43). As this case did not involve a plea bargain, Appellant has a right to appeal, (CR1 at 36; CR2 at 34; CR3 at 35). Appellant timely filed notice of appeal, (CR1 at 47 – 52; CR2 at 46 – 51; CR3 at 46 – 51).

## ISSUES PRESENTED

1. Appellant's Plea of Guilty was not Voluntarily Entered Where Appellant was Incompletely Admonished Regarding His Eligibility for Probation.

2. The Court Erred by Failing to Recuse Himself Where the Court had Personal Knowledge of Disputed Facts Relating to Appellant's Enhancement Paragraph(s).

---

[1]RR refers to the Reporter's Record;
CR1 refers to the Clerk Record in 1423872;
CR2 refers to the Clerk Record in 1423873;
CR3 refers to the Clerk Record in 1423874

3. The Court Erred by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings Relevant to the Case for Which Appellant Appeared Before the Court.

NO. 06-15-00026-CR
NO. 06-15-00027-CR
NO. 06-15-00028-CR
IN THE
SIXTH COURT OF APPEALS
OF TEXAS
TEXARKANA, TEXAS

_____

ROGER DALE GAMMONS,
APPELLANT

vs.

THE STATE OF TEXAS,
APPELLEE

_____

**Brief For The Appellant**

_____

## STATEMENT OF FACTS

After Appellant entered a plea of guilty to the offenses charged in the indictments, hearing on proper punishment was held by the Court on January 26, 2015, (RR IV).

The State presented no witnesses, relying solely on the plea of guilty and cross-examination of the Appellant to establish its punishment case, (RR IV 6 - 10).

This appeal arises from Appellant being sentenced to life

imprisonment after entry of an "open plea" during which he pled guilty in case 872, case 873, and case 874. Appellant entered his guilty plea on December 19, 2014, (RR II; RR IV 43; CR1 at 34 – 35, 39 – 40; CR2 at 31 – 32, 37 – 38; CR3 at 33 – 34, 38 – 39;).

During the plea hearing on December 19, 2014, the Court stated the following to Appellant:

> I could find that it's in the best interest of society and you and defer further proceedings without actually finding you guilty and place you on community supervision. We commonly call that a deferred adjudication probation. I could find you guilty, sentence you to some period of imprisonment of 10 years or less but then suspend the imposition of that sentence and place you on probation. The rules of probation would be the same as they are for deferred.
>     Or I could find you guilty and sentence you to some term of imprisonment for 25 to life, if I follow all that they do here, meaning when I said 10 or less, that would be assuming that I did not go forward with the enhanced punishment range that the State seeks.

(RR II 6).

Appellant's enhancement paragraphs were found true at the time he entered his plea of guilty in each case, (RR II 16). This finding is consistent with Appellant's plea paperwork, (CR1 at 22 – 28; CR2 at 20 – 26; CR3 at 19 – 25).

Prior to the Court hearing testimony on punishment, during

Appellant's plea colloquy on December 19, 2014, Appellant admitted that he was convicted of possession of a controlled substance, a non-state-jail-felony offense, and sentenced to serve penitentiary time in November of 1992, (RR II 12). This admission is a functional plea of "true" to an enhancement paragraph, (RR II 12 – 13). Appellant further admitted that he was sentenced to penitentiary time for a possession of controlled substance case arising in Van Zandt County, Texas, with a conviction occurring on December 23, 2008, (RR II 13). This was, in essence, a plea of true to the second enhancement paragraph.

Judge Northcutt, when in private practice before taking the bench, represented Appellant on a charge for which Appellant served a five (5) year penitentiary sentence concurred with the Rainn and Van Zandt County offenses, (RR III 6 – 8). Appellant was sentenced to five (5) years concurrently in both of those cases, but was only represented by Judge Northcutt on the Rainn County offense.

During the plea colloquy on December 19, 2014, the Court advised Appellant that his statements were essentially a plea of true to the enhancement paragraphs, (RR II 13). In concluding the plea hearing the Court stated:

> I'm going to make some findings at this time, Mr. Gammons.
> I'm going to find that the decisions that you've made today have
> been made freely, voluntarily, knowingly, and competently. I'm
> going to find that your pleas of guilty to the offense **and true to
> the enhancement paragraphs** were made in the same fashion.

(RR II 16)(emphasis added).

These findings are justified by the Appellant's testimony, (RR II 12 –
13). After making these findings, the Court ordered preparation of a
presentence investigation ("PSI") and reset the case for argument and
presentation of evidence relating to sentencing, (RR II 16). Appellant's
rejected the minimum sentence for habitual offenders in order to attempt to
obtain a sentence of deferred probation from the Court, (RR IV 17 – 18).

On January 16, 2015, the Court informed the parties that he had
previously represented Appellant on a case in Rainn County in which
Appellant pled guilty in exchange for a five (5) year penitentiary sentence to
run concurrent with another penitentiary sentence to which Appellant had
already been sentenced, (RR III 5 – 7). Neither party objected to the Court
continuing to preside over the sentencing hearing (RR III 7 – 8).

On January 26, 2015, slightly over a month after entering his plea of
guilty in each case and his plea of true to two enhancement paragraphs,
Appellant went before the Court for sentencing. Appellant was the only

witness to testify. After hearing testimony from the Appellant, and after the State's cross-examination of Appellant, the Court found the evidence sufficient to support the plea and after hearing testimony sentenced Appellant to life imprisonment on all three cases and assessed no fine, (CR1 at 34 – 35, 39 – 40; CR2 at 31 – 32, 37 – 38; CR3 at 33 – 34, 38 – 39; RR IV 43)[2]. Appellant timely filed a Notice of Appeal, (CR 1at 66; CR2 at 65; CR3 at 65).

## SUMMARY OF THE ARGUMENT

In his first issue, Appellant asserts that he should have been separately admonished on his eligibility for straight probation versus deferred probation prior to entering his guilty plea, and that the failure to admonish him of the differing standards rendered his plea involuntary. In his second issue, Appellant asserts that the Court's personal knowledge of truth of the enhancement allegation should have resulted in the Judge's disqualification. In his third issue Appellant asserts that the Court should reconsider application of the existing uniform application of the prior counsel standard and should substitute a new standard in cases where the Judge is a prior

---

[2]RR refers to the Reporter's Record;
CR1 refers to the Clerk Record in 1423872;
CR2 refers to the Clerk Record in 1423873;
CR3 refers to the Clerk Record in 1423874

defense counsel for the defendant.

## ARGUMENT

### APPELLANT'S ISSUE NO. ONE

**Appellant's Plea of Guilty was Involuntarily Entered Where Appellant was Incompletely Admonished Regarding His Eligibility for Probation.**

### Standard of Review

To prevail on this issue, appellant must show that the admonition was inaccurate and that it misled or harmed him. *Ex parte Williams*, 704 S.W.2d 773, 776-77 (Tex. Crim. App. 1986); *Harrison v. State*, 688 S.W.2d 497, 499 (Tex. Crim. App. 1985); *Prado v. State*, Nos. 05-05-00175-CR & 05-05-00525-CR, 2006 Tex. App. LEXIS 5742, 2006 WL 1792736, at *1-2 (Tex. App.—Dallas 2006, no pet.) (mem. op., not designated for publication).

Appellant's assertion that his plea was involuntary is non-constitutional error subject to harmless-error analysis. See Tex.R.App.P. 44.2(b); *Aguirre-Mata v. State*, 125 S.W.3d 473, 473 (Tex. Crim. App. 2003).

### Fact Statement

Appellant incorporates the Statement of Facts, *infra*, and would additionally show the following facts pertinent to the Court's resolution of Appellant's claim of error. Appellant specifically challenges the Court's

failure to separately admonish him on his eligibility for straight probation versus for deferred probation. Because the eligibility requirements are different for straight probation versus for deferred probation, Appellant contends he should have been separately admonished on the availability of each straight probation and deferred probation prior to entering his plea.

Appellant entered a plea of guilty to three felony offenses. Cases 872 and 874 were first degree felony possession of methamphetamine in an amount between 4g and 200g with intent to distribute, (RR II 11 – 12). Case 873 was a third degree felony tampering with physical evidence charge, (RR II 11 – 12). Appellant also confessed to two enhancement paragraphs, (RR II 12 – 13). The Court found the evidence sufficient to support Appellant's plea of guilty in each case, and to support a finding of true for the enhancement paragraphs, (RR II 16). This finding subjected Appellant to the habitual felony offender enhancement.

Appellant was never admonished regarding the prohibition on straight probation sentences for habitual felony offenders. Appellant rejected a plea bargain offer of twenty-five years confinement in order to attempt to obtain deferred probation from the Court, (RR IV 17 – 18).

## Arguments And Authorities

Appellant submits that the Court's admonitions relating to his probation eligibility were erroneous and that he was harmed by that error. Appellant contends that the error in his admonition relates to the specificity with which he was and wasn't admonished. Appellant was harmed by the insufficiently specific admonition because the admonition given did not adequately explain the difference between Appellant's eligibility for straight probation versus his eligibility for deferred probation. This error induced Appellant to reject the minimum term of confinement in order to pursue a sentence of probation where Appellant failed to recognize the distinction between being eligible for deferred probation (for which Appellant was eligible) versus straight probation (Appellant was not eligible after the Court's findings on the enhancement paragraph).

Procedural mechanisms for entering a plea of guilty are provided by Article 26.13(a) of the Code of Criminal Procedure, which provides:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
> (1) the range of the punishment attached to the offense;
> (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of a plea bargain agreement between the state and the defendant and, if an agreement exists, the court shall

inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea. Should the court reject the agreement, the defendant shall be permitted to withdraw the defendant's plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and the defendant's attorney, the trial court must give its permission to the defendant before the defendant may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial;

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law; and

(5) the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter.

Tex. Code Crim. Proc. Art. 26.13.

One basic tenet of our criminal jurisprudence is that a guilty plea entered by a defendant must be freely, knowingly, and voluntarily entered. See TEX. CODE CRIM. PROC. ANN. art. 26.13(b)(Vernon 1989); *Ex parte Evans*, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985). Whether a guilty plea is voluntary is determined by the totality of the circumstances. *Munoz v. State*, 840 S.W.2d 69, 74 (Tex. App.--Corpus Christi 1992, pet. ref'd); *Gibson v. State*, 747 S.W.2d 68, 70 (Tex. App.--Corpus Christi 1988, no

pet.).

The rule that a guilty plea must be voluntary, especially as it concerns consequences, is not without limits. *Ex parte Evans*, 690 S.W.2d at 277. Appellant's case calls for the Court to determine whether the absence of specific admonishment regarding the availability of straight probation versus the availability of deferred probation renders Appellant's plea involuntary. Appellant asserts that a specific admonishment is necessary to ensure the plea is voluntary. Appellant further asserts that due to the different eligibility requirements for straight probation versus deferred probation that he should have been specifically admonished that he was ineligible for straight probation contemporaneously with the admonishment that he was eligible for deferred probation.

Appellant's case presents questions regarding the need for accuracy during the Article 26.13 comments from the Court. "[W]here the record indicates that the defendant received an admonishment with respect to punishment, although not a complete one, there is a *prima facie* showing that the guilty plea was knowingly and voluntarily made." *Gonzales*, 746 S.W.2d 902 (Tex.App. Corpus Christi, 1988). At that point, the burden shifts to the defendant to show that he entered the pleas without understanding the

consequences of his action and was misled or harmed by the admonishment of the Court. *Ex parte Smith*, 678 S.W.2d 78, 79 (Tex. Crim. App. 1984); *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App. 1980); *DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App. 1981).

Here, Appellant is compelled by the plain text of the record to concede that the admonishment Appellant received was incomplete but otherwise correct. See CR1 at 22 – 28; CR2 at 20 – 26; CR3 at 19 – 25. While the plea paperwork accurately sets forth the punishment range for a penitentiary sentence, the plea paperwork fails to completely admonish Appellant on his probation eligibility. See Clerk's Records at *Id*. Additionally, the record contains evidence of Appellant's confusion regarding the punishment range, (RR IV 14 – 18). See *Carranza v. State*, 980 S.W.2d 653, 658 (Tex.Cr.App. 1998)("conviction must be reversed on direct appeal if the record shows that a defendant was unaware of the consequences of his plea and that he was misled or harmed by the trial court's failure to admonish him regarding the range of punishment"). Taking an extra minute to admonish the Appellant regarding the distinction between straight probation and deferred probation, and for which he was eligible, is a miniscule burden to ensure that a plea is knowingly, <u>voluntarily</u>, and freely entered into.

Here, the record is at best ambiguous regarding Appellant's understanding of his plea agreement and two plea of true to enhancement paragraphs.

Analysis of the sequence of events shows Appellant to have lacked understanding of what the consequences of his plea of guilty would be. First, the Court admonished Appellant, (RR II 6 – 11). Second, Appellant enters a plea of guilty in case 872, then a plea of guilty in case 873, then a plea of guilty in case 874, (RR II 11 – 13).

Third, the Court inquires about the enhancement paragraphs, (RR 12 – 13). Appellant admits to two penitentiary sentences, with the second occurring after the first became final, (RR II 13). Appellant had little choice with regard to admitting the second enhancement paragraph, as the Court was his counsel for that proceeding and had personal knowledge of the same, (See RR III 6 – 8). The Court then states to Appellant that he is essentially pleading true to those enhancement paragraphs, (RR II 14).

Fourth, the Court goes over the plea paperwork with Appellant, (RR II 14 – 15). The Court notes that the habitual offender punishment paragraphs are marked, (RR II 15; CR1 at 24; CR2 at 22; CR3 at 21). The Court fails to admonish Appellant that Appellant is ineligible for straight probation if the

sentence entered by the Court exceeds ten (10) years. According to the plea paperwork, Appellant's minimum sentence is the twenty-five (25) year minimum provided for habitual felony offenders, (CR1 at 24; CR2 at 22; CR3 at 21). At no point is Appellant admonished regarding the Court's limited discretion to sentence Appellant to probation. See Tex. Code Crim. Proc. art. 42.12 sec. 3(e)(1); Tex. Code Crim. Proc. art. 42.12 sec. 4(d). Appellant is also never admonished regarding the difference between eligibility for straight probation versus for deferred probation.

Fifth, the Court accepts Appellant's plea of guilty and "find[s] that your pleas of guilty to the offense **and true to the enhancement paragraphs** were made [freely and voluntarily]," (RR II 16). By accepting Appellant's plea of guilty to the offense and true to the enhancement paragraphs, Appellant's minimum sentence became twenty-five (25) years. At this time, on December 14, Appellant became statutorily disqualified from receiving straight probation because a twenty-five (25) year mandatory minimum sentence precludes either the Judge or a Jury from assessing straight probation. See Tex. Code Crim. Proc. art. 42.12 sec. 3(e)(1)("A defendant is not eligible for community supervision [from the Court] under this section if the defendant... is sentenced to a term of imprisonment that

exceeds 10 years."). See also Tex. Code Crim. Proc. art. 42.12 sec. 4(d)(1) ("A defendant is not eligible for community supervision [from the Jury] under this section if the defendant...is sentenced to a term of imprisonment that exceeds 10 years").

Sixth, the Court found the evidence sufficient to support the plea **and the enhancements** and reset the case for sentencing. Appellant was never admonished that the Court's finding would prohibit a straight probation sentence. In order for Appellant's plea to have been voluntary, in the true constitutional meaning of the word, an admonition that completely defines Appellant's eligibility for probation, including specifying whether Appellant is eligible, is necessary.

In *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), the Court then noted that there is reversible error where the record does not show that the defendant had "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). By failing to admonish Appellant regarding the difference between straight probation, for which he was disqualified by his sentencing range, versus deferred probation, Appellant lacked essential knowledge that would have played an important role in his decision making process. Without

knowledge of his eligibility for various types of probation, where Appellant's plea is solely entered in the hopes of obtaining a probated sentence, Appellant could not possibly have had the "full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. at 244.

"There is no principled distinction between total failure to speak of punishment and stating a range of punishment which is not applicable to the offense on trial." *Taylor v. State*, 610 S.W.2d 471, 474 (Tex. Crim. App. 1980). "The function of the admonishment exercise is to assure that facet of due process which requires that the plea of guilty that bases a conviction for a penal offense be 'voluntary in the constitutional sense,'" *Taylor v. State*, 610 S.W.2d 471, 474 (Tex.Crim.App. 1980) quoting *Henderson v. Morgan*, 426 U.S. 637, 646, 96 S. Ct. 2253, 2257, 49 L. Ed. 2d 108 (1976).

At the time Appellant's sentencing hearing began on January 26, 2015, it was, because of the Court's findings on December 19, 2014, impossible as a matter of law for the Appellant to be sentenced to straight probation. Where the Court found the enhancement paragraphs true (RR II 16), and that the evidence supported the finding that the enhancement paragraphs were true, (RR II 16), Appellant must be punished as an habitual felony offender. Pursuant to the habitual offender enhancement, Appellant's mandatory

minimum sentence was twenty-five years. Tex. Penal Code §12.42(c)(1). As an habitual felony offender, Appellant was automatically subject to a sentencing range which prohibited straight probation for the sentence. See Tex. Code Crim. Proc. art. 42.12 sec. 3(e)(1). Appellant should have been admonished by the Court that he was disqualified from straight probation, and separately admonished of his remaining eligibility for deferred probation.

Appellant was never admonished, and it is unknown whether he was informed by Counsel,[3] that with a twenty-five year minimum sentence, straight probation was impossible due to the Court's findings on December 19, 2014, (RR II 16). While Appellant was admonished regarding the punishment range, (RR II 13 – 14) he was not admonished on the limits of the Court's authority to sentence him to straight probation. In order for Appellant to have had the "full understanding of what the plea connotes and of its consequence" Appellant should have been informed that straight probation was impossible when the habitual felony offender enhancement applies. The distinction between straight probation and deferred probation

---

[3] The Reporter's Record does not adequately develop the factual background regarding whether, or under what circumstances, Counsel advised Appellant that straight probation was no longer possible after a finding of true to the enhancement paragraphs.

was an important one for Appellant's decision making process, and it appears to be a distinction of which Appellant was entirely unaware.

Appellant merely stating that he understood the punishment range was from 25 – 99 years or life imprisonment is meaningless unless Appellant also understands that any probation is unavailable (absent a finding that it is in the best interest of society) for a sentence of more than ten (10) years. Regarding deferred probation for habitual felony offenders, the Court of Criminal Appeals has been clear that "we do not perceive of a scenario where the interests of society will be best served by granting deferred adjudication probation to habitual offenders." *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex. Crim. App. 1993).

The requirement that Appellant understand not only what sentence is possible as well as what sentence isn't possible is all the more important in this instance, where Appellant rejected the mandatory minimum sentence in order to attempt to be granted a probated sentence. Understanding the difference between a straight probation sentence and a deferred probation sentence is essential Appellant's convictions resulting in this appeal were the result of being arrested a total of fifty (50) times, (RR IV 13). Without admonishment on whether probation is available, where the sole reason for

the guilty plea is to attempt to obtain a probated sentence, the Appellant cannot have had the "full understanding of what the plea connotes and of its consequence" that *Boykin* requires. See *Boykin,* 395 U.S. at 244. A plea of guilty cannot be voluntary unless the defendant is fully advised by the court of the direct consequences of such plea. *Ex Parte Shuflin*, 528 S.W.2d 610, 615 (Tex.Crim.App. 1975).

The Court's failure to completely admonish Appellant harmed Appellant. Appellant should have been admonished regarding his ineligibility for straight probation upon a finding that the enhancement paragraphs were true. Had the Court delayed finding the enhancement paragraphs true, instead of finding the enhancements true prior to the start of the sentencing hearing, then Appellant's plea admonishments would have been entirely correct. In this instance, where the Court found the enhancement paragraphs true prior to the date on which sentencing began, the prior admonishment had become substantially misleading in that Appellant had been, but no longer was, eligible for straight probation.

The absence of an admonishment regarding the unavailability of straight probation, where the Court of Criminal Appeals has said they "do not perceive of a scenario where the interests of society will be best served

by granting deferred adjudication probation [an] habitual offender[]" misled Appellant to believe that it would be possible for him to be sentenced to straight probation. See *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex. Crim. App. 1993). This error mislead and harmed Appellant by assisting to induce Appellant to waive the statutory minimum sentence of confinement, offered by the State on the record, (RR IV 17).

The Court of Criminal Appeals has stated that there is no circumstance in which Appellant should be granted his request for deferred probation. *Cabezas v. State*, 848 S.W.2d at 695 (Tex. Crim. App. 1993). Where no scenario can be imagined by the Court of Criminal Appeals that would support granting Appellant the sentence that Appellant desired, Appellant is entitled to an admonition reflecting that reality. Appellant rejected the minimum sentence, and instead received the maximum sentence, because he held the erroneous belief that his desired goal was possible. Appellant should have been admonished regarding the difference in eligibility between straight and deferred probation. The failure to inform him of this difference, and the different standard used in assessing whether to assess that sentence, caused substantial harm by the largely increased sentence.

Appellant request this Court to reverse the Trial Court's Judgment and

remand the case for further proceedings pursuant to Tex. R. App. Pro. 43.2(d).

## APPELLANT'S ISSUE NO. TWO

### The Court Erred by Failing to Recuse Himself Where the Court had Personal Knowledge of Disputed Facts Relating to Appellant's Enhancement Paragraph(s)

### Standard of Review

An appellate court reviews an order denying a motion to recuse under an abuse of discretion standard. An appellate court should not reverse a recusal judge whose ruling on the motion was within the zone of reasonable disagreement. *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011).

Error relating to the Court's recusal may be raised at any time. *Lackey v. State*, 364 S.W.3d 837, 842-43 n.19 (Tex. Crim. App. 2012).

Since Appellant is raising a Constitutional error (Tex. Const. Art. V, § 11), the standard of review is, "(a) If the appellate record in a criminal case reveals constitutional error that is subject to a harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment," Tex. R. App. Pro. 44.2(a).

## Fact Statement

Appellant incorporates fully all of the facts set out in Issue One above and adds the additional facts relevant to this issue.

Prior to being elected to the 8TH District Court bench, the Honorable Eddie Northcutt was an attorney in private practice in that area. While in private practice, he represented Appellant on criminal charges in Rainns County, (RR III 5 – 8). As a result of that representation, during the course of which Appellant was again arrest in either Van Zandt or Kaufman County, Appellant was sentenced to five (5) years confinement to run concurrent with the other criminal charges he faced at that time, (RR III 7). By virtue of having represented the Appellant previously, the Court had direct, personal knowledge that Appellant had served at least one penitentiary sentence, *and also* that at least one of the alleged enhancement paragraphs were true, (RR III 6 – 8).

Neither the State nor counsel for the Appellant objected to the Court hearing Appellant's open plea, (RR III 8).

## Arguments And Authorities

Appellant submits that the Court erred, and that the error effected the fundamental basis of the proceedings, where the Judge determining whether enhancement paragraphs were true, for purposes of application of the

---

habitual felony offender enhancement, had served as counsel of record to the Defendant during at least one of the cases alleged as an enhancement paragraph.

Judge Northcutt placed himself in a position to determine whether Appellant committed an offense for which Judge Northcutt was counsel of record and in which Appellant pled guilty. Judge Northcutt, therefore, had personal knowledge of the Appellant's guilt relating to the enhancement paragraph for which the Court was Appellant's counsel of record.

"A Texas judge may be removed from presiding over a case for one of three reasons: he is constitutionally disqualified; he is subject to a statutory strike; or, he is subject to statutory disqualification or recusal under Texas Supreme Court rules." *Gaal v. State*, 332 S.W.3d 448, 452 (Tex. Crim. App. 2011). "Rule 18b(2) of the Texas Rules of Civil Procedure sets out the law concerning recusal and includes instances in which a judge must step down from hearing a case for reasons other than the disqualifying grounds listed in the constitution." *Gaal v. State*, 332 S.W.3d 448, 452-53 (Tex. Crim. App. 2011)[4]

---

[4] See also 47 TEX. JUR. 3d *Judges* § 70 (2007) (citing *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 559-60 (Tex. App.—Beaumont 1993, writ denied) & *Mosley v. State*, 141 S.W.3d 816, 833 (Tex. App.—Texarkana 2004, pet. ref'd)).

(b) *Grounds for Recusal.* --A judge must recuse in any proceeding in which:

…

(3) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;

…

(5) the judge participated as counsel, adviser, or material witness in the matter in controversy, or expressed an opinion concerning the merits of it, while acting as an attorney in government service;

Tex.R.Civ.P. 18(b)

Judge Northcutt, having represented Appellant as Counsel during one of the cases the State alleged as an enhancement paragraph, had personal knowledge of the facts surrounding that enhancement allegation. The Court must recuse itself in that instance. See Tex.R.Civ.P. 18(b)(3).

Tex. R. Civ. P. 18b(3) deals with disqualification and provides that "Judges shall disqualify themselves in all proceedings in which: … the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;…." This is an "irrebuttable" basis for disqualification. 48B Robert P. Schuwerk & Lillian B. Hardwick, Texas Practice Series: Handbook of Texas Lawyer and Judicial Ethics §40:21 at 742 (2010) ("once the objective fact … underlying each [disqualification] basis is demonstrated, the judge is disqualified."); *Gaal v. State*, 332 S.W.3d 448, 452 n.13 (Tex. Crim. App. 2011). Here, the Court had direct, personal

knowledge, obtained as a result of representing the Appellant, of the veracity of one of the enhancement allegations Appellant was facing. The Court, in that instance, is disqualified, and Appellant asserts the Court erred by presiding over the open plea and the plea to the enhancement paragraphs where the Court had direct, personal knowledge of the factual circumstances surrounding one of the enhancement paragraphs.

Appellant request this Court to reverse the Trial Court's Judgment and remand the case for further proceedings pursuant to Tex. R. App. Pro. 43.2(d).

## APPELLANT'S ISSUE NO. THREE

**The Court Erred by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings Relevant to the Case for Which Appellant Appeared Before the Court.**

## Standard of Review

An appellate court reviews an order denying a motion to recuse under an abuse of discretion standard. An appellate court should not reverse a recusal judge whose ruling on the motion was within the zone of reasonable disagreement. *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011).

Error relating to the Court's recusal may be raised at any time. *Lackey*

---

*v. State*, 364 S.W.3d 837, 842-43 n.19 (Tex. Crim. App. 2012); *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987). It is not necessary that an objection be made. *Holifield v. State*, 538 S.W.2d 123 (Tex.Cr.App. 1976). The disqualification of a judge may not be waived even by consent of the parties. Tex.Jur.3d, Vol. 21, Crim.Law, § 1861, p. 772.

Since Appellant is raising a Constitutional error pursuant to Tex. Const. Art. V, § 11, the standard of review is, "(a) If the appellate record in a criminal case reveals constitutional error that is subject to a harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment," Tex. R. App. Pro. 44.2(a).

### Fact Statement

Appellant incorporates fully all of the facts set out in Issue Two, above.[5]

Appellant is forced to concede that this Court has previously determined this issue, in an unpublished opinion not treated as precedent, in a manner adverse to Appellant's position, 06-12-00199-CR, *Morsman v.*

---

[5]   Appellant briefs recusal under Tex.R.Civ.P. 18(b)(3) and 18(b)(5) separately to avoid briefing a multifarious issue.

*State*, 2013 Tex. App. LEXIS 6177, 1, 2013 WL 2247322 (Tex. App. Texarkana May 21, 2013). Appellant would show the Court (1) that *Morsman*, as an unpublished opinion, is not binding on the Court's subsequent interpretation of Article 30.01 [*see* Tex.R.App.P. 47.7], and (2) that the Court should reconsider its opinion in *Morsman* or, in the alternative, publish opinion on the question to provide precedent with which the question of the Court's participation in a case involving a defendant previously represented by Counsel is error.

## Arguments And Authorities

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused." Tex. Code Crim. Proc. Art. 30.01.

Assuming *arguendo* that the Court did not err by failing to recuse himself from the matter where the Court had personal knowledge of the underlying facts relating to the enhancement paragraphs, the Court further had a duty to recuse himself if the Court had participated as Counsel in the matter, specifically the enhancement paragraph, in controversy.

The Court did participate in a portion of the matter in controversy. Judge Northcutt had previously represented Appellant while in private

practice. That representation was in issue in this case, as it directly related to the Court's personal knowledge of the facts relating to the Appellant's second enhancement paragraph. Appellant served three concurrent five (5) year sentences, including a Rainns County conviction for which Judge Northcutt was Appellant's lawyer. That five year sentence was one of the alleged enhancement paragraphs in the instant case. The Court, by virtue of having been counsel of record for a case resulting in a penitentiary sentence, had previously been Counsel for the accused, as should be prohibited by Article 30.01 of the Code of Criminal Procedure, and Rule 18(b)(5) of the Texas Rules of Civil Procedure. The Court <u>must</u> recuse itself in that instance. See Tex.R.Civ.P. 18(b)(5).

Further compelling the Court to recuse himself is the Code of Criminal Procedure, which "provides in pertinent part, 'No judge … shall sit in any case …  where he has been of counsel for … the accused...' This provisions  has been held to be mandatory." *Easton v. State*, 2001 Tex. App. LEXIS 7179, 6, 2001 WL 1289945 (Tex. App. Houston 14th Dist. Oct. 25, 2001) *See Hathorne v. State,* 459 S.W.2d 826 (Tex. Crim. App. 1970).

Tex. R. Civ. P. 18b(1) deals with disqualification and provides that "Judges shall disqualify themselves in all proceedings in which: (a) they

have served as a lawyer in the matter in controversy.…" This is an "irrebuttable" basis for disqualification. 48B Robert P. Schuwerk & Lillian B. Hardwick, Texas Practice Series: Handbook of Texas Lawyer and Judicial Ethics §40:21 at 742 (2010) ("once the objective fact … underlying each [disqualification] basis is demonstrated, the judge is disqualified."); *Gaal v. State*, 332 S.W.3d 448, 452 n.13 (Tex. Crim. App. 2011). Here, the Court had personal knowledge, by virtue of previously representing Appellant, of the veracity of allegations currently pending before his Court. The Court, in that instance, is disqualified, and the Court erred by presiding over the open plea in this instance.

"To be considered 'counsel in the case' the judge must actually have participated, investigated, or rendered advice." *Easton v. State*, 2001 Tex. App. LEXIS 7179, 7, 2001 WL 1289945 (Tex. App. Houston 14th Dist. Oct. 25, 2001) citing *Hathorne,* 459 S.W.2d at 826; *see also Lee v. State,* 555 S.W.2d 121 (Tex. Crim. App. 1977). The Court, as counsel of record for Appellant in the Rainn County offense alleged as an enhancement paragraph, "rendered advise" within the meaning of *Easton*.

While this Honorable Court has previously interpreted the Article 30.01 restriction on a judge presiding over a case as restricted to where "the

judge acted as counsel [i]n the very case before him" *Morsman v. State*, 2013 Tex. App. LEXIS 6177, 3, 2013 WL 2247322 (Tex. App. Texarkana May 21, 2013)(citing *Hathorne,* 459 S.W.2d at 826), Appellant contends that the Court's interpretation is overly narrow in comparison to the plain language of the text, and that the more appropriate standard for whether the Court acted "as counsel in the very case before him" would included cases in which the Court acted as Counsel for the Defendant on any matter *relevant to* the very case before him. *Hawthorne*, on which this Court relied in deciding *Morsman*, (discussing disqualification of the Judge who was a former District Attorney at a time at which a Defendant was prosecuted) states only that the prior participation of the judge in representing the State or Defendant does not result in "<u>automatic disqualification</u> of the judge <u>and cause a mistrial</u>."

While the Court's decision in *Hathorne* is logical for a previously elected District Attorney who had no direct involvement in a prior prosecution and is now serving on the bench, it is far more tenuous to apply the prohibition to prior Defense Counsel. Application of a unilateral brightline rule for all prior counsel without regard to whether counsel was a prosecutor, district attorney, or defense attorney fails to recognize the

substantial difference between the three roles.

*Hathrone* is readily distinguishable from Appellant's case. If the Court were to *per se* disqualify a Judge by virtue of having been elected District Attorney, the result would be to effectively disqualify the Judge for every criminal case in which the current accused had been previously prosecuted while the current judge had then been District Attorney. Such a conclusion is untenable, especially if the Judge were to remain in the same county as judge as they served as District Attorney. However, the rationale behind the *Hathrone* rule fails to carry over to prior defense counsel.

The Court's extension of the *Hathorne* rule to prior counsel for a defendant lacks the same justification as applying the *Hathorne* rule to an elected District Attorney. First, the elected District Attorney will, in many cases, lack any personal knowledge of any kind relating to the prior criminal case. The elected District Attorney has a legion of employees to handle cases on their behalf. In many counties, the elected District Attorney will not have ever "actually have participated, investigated, or rendered advice." *Hathorne,* 459 S.W.2d at 826; *Easton v. State*, 2001 Tex. App. LEXIS 7179, 7, 2001 WL 1289945 (Tex. App. Houston 14th Dist. Oct. 25, 2001). In contrast, a criminal defense attorney having previously represented a client

has *detailed*, *personal*, and *direct knowledge* of exactly the allegations that were pending at the time of the representation. The defense attorney will have, from the onset of the representation, "actually have participated, investigated, [and] rendered advice." *Hathorne,* 459 S.W.2d at 826. This discrepancy between the amount of direct personal knowledge held by an elected District Attorney versus that held by criminal defense counsel makes application of an identical rule for disqualification of both types of counsel manifestly inappropriate.

Second, an elected District Attorney has little, if any at all, access to confidential information communicated from an accused to his attorney. The absence of a statutory communications privilege limits the information that a District Attorney will be able to access about a Defendant. Further, attorney-client privilege between the Client and Defense Counsel will in many cases prevent the elected district attorney, or any prosecutor, from discovering confidential information about the accused. This constitutionally protected relationship between a defense attorney and their client encourages the Defendant to be candid and forthright with their counsel, resulting in counsel having access to intimate details of the client's life and direct knowledge of the Client's criminal history. See generally Tex.R.Civ.P 18(b)

(3)(recusal for possession of personal knowledge). With such a large discrepancy between the duty of confidentiality owed by a defense attorney to their client, compared to the absence of that knowledge by the District Attorney and their employees, application of a uniform rule regarding disqualification fails to account for the differing standards of knowledge and is inappropriate.

Third, the nature of the representation provided by a District Attorney versus that provided by retained defense counsel is sufficiently different to compel different analysis in determining whether subsequent recusal is appropriate. The District Attorney's obligation is to see that justice is done [Tex.Code Crim.Proc. Ann. art 2.01], where the defense attorney's obligation is to zealously advocate for their client [Preamble, Tex. R. Disciplinary Prof Cond.]. The nature of these two relationships is so fundamentally different in terms of the scope of the relationship to a defendant, the knowledge gained about a defendant, and the purpose underlying the representation, that a uniform rule regarding disqualification of a judge having previously served as a District Attorney and a judge having previously served as defense counsel is both inappropriate and manifestly unjust. See generally 48B Robert P. Schuwerk & Lillian B. Hardwick, TEXAS PRACTICE SERIES:

HANDBOOK OF TEXAS LAWYER AND JUDICIAL ETHICS (discussing professional obligation of attorneys).

Appellant request this Court to reverse the Trial Court's Judgment and remand the case for further proceedings pursuant to Tex. R. App. Pro. 43.2(d).

## PRAYER

Appellant prays that he be granted the relief requested under each respective issue.

Respectfully submitted

**/s/J.Edward Niehaus_____**
J. Edward Niehaus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct electronic copy of the foregoing Appellant's Brief was mailed to Roger Dale Gammons, TDC #01978521, BYRD Unit, 21 FM 247, Huntsville, TX 77320, and a true and correct copy compliant with the E-Filing rules adopted by the Texas Supreme Court, effective 1-1-2014, has been filed with the Sixth Court of Appeals and has been served on all parties in interest.

**/s/J.Edward Niehaus_____**
J. Edward Niehaus

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this brief is 8,049. See Tex.R.App.P. 9(i).

**/s/J.Edward Niehaus_____**
J. Edward Niehaus